IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02786-MSK-BNB

AGILE SKY ALLIANCE FUND LP, and
SKY BELL SELECT, LP,

Plaintiffs,

v.

CITIZENS FINANCIAL GROUP d/b/a Charter One Bank, and
SWISS FINANCIAL SERVICES, INC.,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Plaintiffs' Motion to Lift Discovery Stay** [Doc. # 62, filed 4/2/2010] (the "Motion to Lift Stay"), which is GRANTED.

This action was commenced by the filing of a complaint [Doc. # 1] on November 30, 2009. The complaint was brought by 12 plaintiffs and asserted five claims for relief, including a federal securities law claim under Section 10(b) of the Exchange Act. On March 2, 2010, the plaintiffs filed their First Amended Complaint [Doc. # 29]. The First Amended Complaint did not contain a federal securities law claim. The defendants assert that this omission was designed "to avoid an automatic discovery stay under the Private Securities Litigation Reform Act ("PSLRA")." Citizens Financial Group, Inc.'s Opposition to Plaintiffs' Motion to Lift Discovery Stay [Doc. # 72, filed 4/26/2010] (the "CFG Opposition") at p. 1; <u>accord</u> Scheduling Order [Doc. # 38, filed 3/10/2010] at pp. 4-5.

CFG filed a motion to stay discovery [Doc. # 43, filed 3/12/2010] alleging, among other things, that the court lacked subject matter jurisdiction. In addition, both defendants have filed motions to dismiss. Swiss Financial Services, Inc.'s Motion to Dismiss [Doc. # 44, filed 3/12/2010]; Citizens Financial Group, Inc.'s and The Royal Bank of Scotland Group PLC's Motion to Dismiss the Amended Complaint [Doc. # 51, filed 3/23/2010]. I held a hearing on the motion to stay discovery and granted the motion "[i]n view of the plaintiffs' admission that there is not complete diversity of citizenship and that this court lacks subject matter jurisdiction." Order [Doc. # 55, filed 3/30/2010].

On April 2, 2010, ten of the 12 plaintiffs voluntarily dismissed their claims, without prejudice. Notice of Dismissal Without Prejudice, etc. [Doc. # 61]. The purpose of the dismissal was to assure diversity jurisdiction. Motion to Lift Stay [Doc. # 62] at ¶¶2-3. Although the Motion to Lift Stay is contested by the defendants, they do not appear to dispute the existence of complete diversity.

The Federal Rules of Civil Procedure do not provide for a stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to make any order necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to stay proceedings:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation;

and (5) the public interest.

FDIC v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that continuing the stay of discovery in this case is not warranted.

Motions to dismiss usually take months to decide. Consequently, staying discovery while the defendants' motions are pending could substantially delay the ultimate resolution of the case, with injurious consequences. In particular:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> \* \* \*
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied far more often than they result in the termination of a case. Consequently, without attempting to anticipate the district judge's ruling on the defendants' motions to dismiss, it is more likely than not from a statistical standpoint that any further delay pending a ruling on the motions to dismiss would prove unnecessary.

Defendants always are burdened when sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendants in this case.

It generally is the policy in this district not to stay discovery pending a ruling on motions to dismiss. In this case, I note, the district judge has set the case for a final pretrial conference on March 15, 2011, see Trial Preparation Order--Civil [Doc. # 39, filed 3/10/2010] at pp. 2-3, a date which I cannot alter. Any further stay of discovery could jeopardize the parties' ability to prepare the case within the time allowed.

Finally, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Lift Stay be granted.

IT IS ORDERED that the Motion to Lift Stay [Doc. # 62] is GRANTED.

Dated May 5, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge