IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02786-MSK-BNB

Agile Safety Variable Fund, L.P. and Sky Bell Select LP,

    Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank, et al.,

    Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

The parties engaged in this litigation having agreed that it would serve their interests to conduct certain discovery in this action under a protective order pursuant to Fed. R. Civ. P. 26(c), and it appearing that certain discovery is likely to involve trade secrets or other confidential research, development, or commercial information,

ORDERED:
IT IS ~~HEREBY STIPULATED AND AGREED THAT:~~

1. This Protective Order shall apply to all information, documents and things subject to discovery or otherwise submitted to the Court in this action, which are owned or controlled by a party or nonparty and believed by that party or nonparty to contain its trade secrets or other confidential research, development, or commercial information, including without limitation testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, and answers to requests for admission. The term "CONFIDENTIAL

MATERIALS" shall include all the foregoing and all information, documents and things derived therefrom, including but not limited to copies, summaries or abstracts thereof.

2. The producing party or nonparty ("producing person") shall label or mark documents and things that it deems to be CONFIDENTIAL MATERIALS with the legend "CONFIDENTIAL" on the face thereof at the time of production or copying. Where large numbers of documents are produced for inspection by the producing person, the producing person may produce them with a written statement that the information contained in the documents is confidential and then specifically label or mark with one of the above legends only those documents of which the opposing party requests a copy. Alternatively, the producing party may choose to designate an identifiable grouping of documents or bates number range of documents as CONFIDENTIAL without the necessity of a CONFIDENTIAL designation on each copy produced. The designation of any information, documents, or things as CONFIDENTIAL shall constitute a representation that counsel has reviewed the information, documents, or things and believes in good faith that the item so designated contains CONFIDENTIAL MATERIAL as that term is defined herein.

3. As to depositions upon oral examination, if any counsel so states at the deposition, the testimony of the witness shall be deemed designated CONFIDENTIAL until the expiration of ten (10) days after the receipt by counsel of the record of the transcript of the deposition. The deposition transcript may only be shown to the persons specified in paragraph 5 during the ten (10) day period, and if counsel of record believes that the deposition transcript or portions thereof constitutes CONFIDENTIAL MATERIALS, counsel shall designate in writing to other counsel of record within that ten (10) day period the specific pages and lines constituting such CONFIDENTIAL MATERIALS.

4. CONFIDENTIAL MATERIALS shall be used solely for the purpose of this litigation and not for any other purpose.

5. Access to CONFIDENTIAL MATERIALS or dissemination thereof shall be limited to the following, unless and until this Court rules that there may be further disclosure:

    (a) the Court and its officers;

    (b) in-house counsel, senior officers with direct decision-making responsibilities concerning the litigation, and fact witnesses represented by the same counsel as the parties' counsel of record in connection with such witnesses' deposition or trial testimony or testimony preparation;

    (c) attorneys of record for the parties and their employees in those law firms whose functions require access to CONFIDENTIAL MATERIALS in this proceeding; or

    (d) up to three (3) outside consultants or outside experts retained by the party to actively assist in the preparation and trial of this litigation and who are not currently employed as an employee of any of the Parties.

6. Prior to disclosure of CONFIDENTIAL MATERIALS to any person identified in paragraph 5(c), the person must agree to be bound by the terms of this Order by executing a copy of the Agreement set forth in Exhibit A. All such agreements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. If any attorneys for any party intend to disclose to others not previously identified in Paragraph 5 material which has been designated "CONFIDENTIAL," they shall furnish to the other party the name of each individual and an identification of the material to be disclosed at least 10 days prior to making the disclosure. They must then obtain written concurrence from the other party concerning disclosure to such others. Each such person must

agree to be bound by the terms of this Order by executing a copy of the Agreement set forth in Exhibit A.

8. These restrictions may be altered or supplemented only by ~~written stipulation between the parties filed with and approved by the Court or by order of the~~ Court on motion.

9. For purposes of this Order, "interested persons" means any party or non-party whose CONFIDENTIAL MATERIALS have been produced in this litigation. If, at any hearing in connection with any motion or other proceeding, or at trial, a party intends to offer into evidence any CONFIDENTIAL MATERIAL, that party shall inform all interested persons a reasonable time in advance, but no less than thirty-six hours before said hearing, trial or other proceeding, so that all parties and interested persons may take such steps as they deem reasonably necessary to preserve the confidentiality of such material.

10. The acceptance of information, documents or things designated as CONFIDENTIAL MATERIALS by any party shall not constitute an admission or concession, permit any inference, or create a presumption that any such designation is in fact merited or appropriate.

11. Any party may object to the designation of particular information, documents or things as CONFIDENTIAL by giving written notice to the party designating the disputed information. The written notice shall identify the information, documents or things to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective

Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL MATERIALS under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL MATERIALS in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. In the event of unintentional disclosure of CONFIDENTIAL MATERIALS by any party to this agreement, the parties agree that no privileges will be waived where (1) there was an inadvertent production of CONFIDENTIAL MATERIALS; (2) the CONFIDENTIAL MATERIALS were subject to the attorney-client or work product privileges, and (3) the producing party promptly notifies the other party of the unintentional disclosure within a reasonable period of time following discovery of the unintentional production.

13. The Stipulation and Order shall not prevent or prejudice any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing with the other party to a modification of this protective order, subject to the approval of this Court.

14. The parties may seek to file materials under seal pursuant to D.C.COLO.LCivR 7.2.

15. Within thirty (30) days after final termination of this action, either by settlement, expiration of the time to appeal or after issuance of the appellate mandate after an appeal, receiving counsels of record either shall return all CONFIDENTIAL MATERIALS

including all copies, abstracts, or summaries thereof, or documents containing information taken therefrom, but excluding court papers or exhibits or any materials which in the judgment of receiving counsel are work product materials of said counsel in its possession, custody, or control, to counsel for the party who has provided them in discovery or shall certify destruction thereof.

[The remainder of this page is intentionally left blank.]

16. This Protective Order shall not be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with regard to the production of any document.

Dated: September 15, 2010

/s/ Steven W. Thomas
Steven W. Thomas
Thomas, Alexander & Forrester LLP
14-27th Ave.
Venice, CA 90291
Telephone: 310-961-2536
E-mail: steven.thomas@tafattorneys.com

Steven M. Feder, Esq.
Feder Law Firm
730 17th Street, Suite 550
Denver, CO 80202
Telephone: 303-261-8978
E-mail: steve@federlawfirm.com

*Counsel for Plaintiffs Agile Safety Variable Fund, L.P. and Sky Bell Select LP*

s/Robert B. Christie
Robert B. Christie
Henderson & Lyman
175 West Jackson Blvd, Suite 24
Chicago, IL 60604
Telephone: 312-986-6960
E-mail: rchristie@henderson-lyman.com

*Counsel for Defendant Swiss Financial Services, Inc.*

/s/ Howard Schiffman
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street N.W., Suite 850
Washington, DC 20005
Telephone: 202-729-7470
E-Mail: howard.schiffman@srz.com

David A. Zisser
Davis, Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: 303-892-9400
E-Mail: david.zisser@dgslaw.com

*Counsel for Defendant Citizens Financial Group, Inc.*

IT IS SO ORDERED:

Dated: Sept. 21, 2010

/s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

DOC ID-11707933.3

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02786-MSK-BNB

Agile Sky Alliance Fund L.P, et al.,

    Plaintiffs,

v.

Citizens Financial Group d/b/a Charter One Bank, et al.,

    Defendants.

---

## AGREEMENT CONCERNING MATERIAL COVERED BY A STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered _____, and understand the terms thereof and agree to be bound by all such terms.

Without limiting the generality of the foregoing, I agree not to copy, disclose to, or discuss with, any person or entity not authorized to receive such "confidential" information, pursuant to the terms of said Protective Order, any document or any information designated as "confidential materials" or any copies of extracts or information derived therefrom, which has been disclosed to me. I further agree to use any information disclosed to me in connection with the case solely for the purposes of the above-mentioned case and for no other purposes.

I understand that the use of any "confidential" information or document in any manner contrary to the provisions of the Protective Order may subject me to sanctions.

Date:_____     Signature:_____

                                              Type or print name