IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02786-MSK-BNB

AGILE SKY ALLIANCE FUND LP, and
SKY BELL SELECT, LP,

Plaintiffs,

v.

RBS CITIZENS, N.A., d/b/a Charter One Bank, and
SWISS FINANCIAL SERVICES, INC.,

Defendants.

_____

**ORDER**

_____

This matter arises on **Defendants' Unopposed Emergency Motion to Reconsider
Order Denying Joint Motion to Extend Dispositive Motion and Discovery Deadlines** [Doc. #
134, filed 1/31/2011] (the "Emergency Motion"), which is DENIED.

The Emergency Motion requests that I reconsider my earlier Order [Doc. # 133, filed
1/31/2011] denying extensions of the discovery cut-off and the dispositive motion deadline.
"[A]t a minimum," the Emergency Motion requests that I reconsider and "extend [the]
Dispositive Motion Deadline so as to enable the parties to file dispositive motions. . . ."
Emergency Motion [Doc. # 134] at p. 1.

This case was commenced by the filing of a Complaint and Jury Demand [Doc. # 1] on
November 30, 2009.  A First Amended Complaint [Doc. # 29] was allowed by an Order [Doc. #

32] entered on March 3, 2010.[1]  A Scheduling Order [Doc. # 38] was entered on March 10, 2010, establishing the following deadlines, among others:

|                              |                     |
| ---------------------------- | ------------------- |
| Discovery Cut-Off:           | September 15, 2010  |
| Dispositive Motion Deadline: | October 15, 2010.   |

Scheduling Order [Doc. # 38] at p. 7.

Discovery was stayed briefly, from March 30, 2010, until May 5, 2010, because the plaintiff admitted that there was no diversity of citizenship and that this court lacked subject matter jurisdiction.  Order [Doc. # 55] at p. 2.  The stay was lifted on May 5, 2010.  Order [Doc. # 78] at pp. 2-4.

On August 19, 2010, I granted the parties' joint motion to extend deadlines.  The discovery cut-off was extended by six weeks to October 29, 2010, and the dispositive motion deadline was extended by six weeks to November 29, 2010.  Minute Order [Doc. # 95, filed 8/19/2010].  I further extended the deadlines on November 22, 2010, extending the discovery cut-off by six weeks to December 15, 2010, and extending the dispositive motion deadline by six weeks to January 31, 2011.  Minute Order [Doc. # 129, filed 11/22/2010].

Excluding the time during which discovery was stayed, the parties have had approximately nine months to conduct discovery and ten months to file dispositive motions.

On January 25, 2011, after the close of discovery and less than one week before the deadline for filing dispositive motions, the parties filed a Joint Motion to Extend Dispositive

---

[1]A Second Amended Complaint and Jury Demand was permitted by Order [Doc. # 91] on August 9, 2010.  The Second Amended Complaint merely reflects the proper corporate organization of the defendants.  See Agreed Motion . . . to Reflect the Correct Corporate Entity [etc.] [Doc. # 89, filed 8/5/2010].

Motion and Discovery Deadlines [Doc. # 131, filed 1/25/2011] (the "Motion for Extension").

The Motion for Extension sought to extend the discovery cut-off by two months, from

December 15, 2010, to February 15, 2011, and to extend the dispositive motion deadline by

nearly one month, from January 31, 2011, to February 28, 2011.  In support of the motion, the

parties stated:

> [C]ertain discovery remains in the process of being completed, in
> large part because Plaintiffs' counsel have been occupied with two
> multi-week trials in other matters during December 2010 and
> January 2011, and last-minute changes made to the schedule of the
> first trial by its tribunal required the postponement of certain
> depositions that had been scheduled for this matter.  The
> depositions of most remaining witnesses have now been scheduled,
> and the parties are therefore confident that they can substantially
> complete the remaining discovery by February 15, 2011 and that
> dispositive motions can be submitted by February 28, 2011.

Motion for Extension [Doc. # 131] at ¶5.

I denied the Motion for Extension, Order [Doc. # 133, filed 1/31/2011], based on the

practice standards of the district judge, which provide:

> Motions for extensions of time are governed by Fed. R. Civ. P. 6;
> D.C.COLO.LCivR 6.1 and 7.1A; and D.C.Colo.ECF Proc. V.L.2.
> Motions will be denied if they do not comply with these rules.  To
> be granted, such motions require a showing of good cause.  Unless
> the circumstances are unanticipated and unavoidable, the following
> do not constitute good cause: inconvenience to counsel of parties,
> press of other business, scheduling conflicts (especially when more
> than one attorney has entered an appearance for a party), or
> agreements of counsel.

MSK Civ. Practice Standard II.G.

The principal bases for the Motion for Extension were the press of other business and

scheduling conflicts, which do not constitute good cause.  Moreover, I found that the parties had

been allowed adequate time, had they acted with reasonable diligence, to complete discovery and

file dispositive motions.  I also noted that more than one lawyer and more than one law firm had appeared as counsel for both sides.

The Emergency Motion reargues that the press of other business necessitates an extension of the existing deadlines, stating:

> Defendants understand that all members of Plaintiffs' lead counsel team have been occupied with two multi-week trials since the first week of December 2010.  While the parties initially scheduled their remaining depositions to be completed during scheduled one-day breaks during the December trial and after the January trial, these dates needed to be moved due to last-minute scheduling changes by the tribunal hearing Plaintiff's December trial and after the January trial lasted longer than anticipated.  (Indeed it has now continued into this week.)  As a result, the deposition of the final fact witness was not able to take place until January 26, 2011.

Emergency Motion [Doc. # 134] at ¶5.

The defendants also argue in the Emergency Motion that extensions are justified by the parties' good faith efforts to resolve a discovery dispute.  Id. at ¶6.  On November 4, 2010, I entered an order compelling the production of additional documents, and requiring that the materials be provided to defendants by November 12, 2010.  The defendants contend that the supplemental production was inadequate and that they attempted to cooperate with plaintiffs' counsel to resolve the dispute.  That cooperation amounted to acquiescing in the plaintiffs' request for a delay until the unrelated trials were completed.  That the defendants ignored the district judge's practice standards and sat on their rights while plaintiffs' counsel attended to other business does not require me to ignore the mandate of those practice standards and of the Federal Rules of Civil Procedure.  Delay due to the press of other business does not give rise to good cause to extend deadlines.

The defendants argue that a failure to extend the dispositive motion deadline would result

4

in "substantial prejudice and forfeiture of substantive rights. . . ." Id. at p. 1.  I do not agree that any substantive rights will be sacrificed.  The defendants may fully defend the claims asserted and, if the undisputed evidence demonstrates that the plaintiffs are not entitled to relief, the case can be resolved on motion pursuant to Fed. R. Civ. P. 50.[2]

A scheduling order may be amended only upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  In this regard:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation omitted).

In this case, in the exercise of reasonable diligence, discovery could have been completed within the extended time allowed and dispositive motions could have been filed.  There is no showing of good cause to support the requested extensions.

IT IS ORDERED that the Emergency Motion [Doc. # 134] is DENIED.

---

[2]The defendants appear to acknowledge that at least some claims must proceed to trial when they state that "at least many issues," but not all, "could be resolved on summary judgment."  Emergency Motion [Doc. # 134] at ¶8.

5

Dated February 2, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge