IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02786-WJM-BNB

Agile Safety Variable Fund, L.P. and Sky Bell Select LP,

    Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank, et al.,

    Defendants.

---

**DEFENDANT RBS CITIZENS, N.A.'S MOTION TO STRIKE PLAINTIFFS' DECLARATIONS**

---

**COME NOW** Defendant RBS Citizens, N.A. d/b/a Charter One ("Charter One") which moves, pursuant to Federal Rule of Civil Procedure ("Rule") 56(c), to strike the inadmissible portions of the Declaration of Richard T. McIntosh (Doc. No. 178; "McIntosh Decl."), the Declaration of Neal Greenberg (Doc. No. 176; "Greenberg Decl."), and the Declaration of Gary Marks (Doc. No. 177; "Marks Decl.") submitted by Plaintiffs Agile Safety Variable Fund, L.P. (the "Agile Fund") and Sky Bell Select LP ("Sky Bell Select") with their Opposition to RBS Citizens, N.A.'s Amended Motion for Summary Judgment (Doc. No. 174; "Opposition").  Plaintiffs' counsel have advised that they object to the relief requested in this motion.

## Introduction

The Opposition to Charter One's Amended Motion for Summary Judgment improperly relies upon the McIntosh, Greenberg, and Marks declarations in a belated attempt to manufacture issues of material fact, and thereby serves as a tacit acknowledgement that there are none.  The effort to create such factual disputes is prohibited, however, by Federal Rule of Civil Procedure 56(c).  That rule requires that assertions of fact made in opposition to a motion for summary judgment be supported by "materials in the record," and that declarations "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Succinctly put, "[i]t is the rule in this jurisdiction that only admissible evidence may be considered when ruling on a summary judgment motion."  <u>Honeycutt v. Safeway, Inc.</u>, 475 F. Supp. 2d 1063, 1071 (D. Colo. 2007). Thus, declarations that are not based on personal knowledge, or that contain hearsay, self-serving or conclusory statements, factually unsupported conclusions, or statements contradicted by the evidence are insufficient to oppose a motion for summary judgment.

Portions of the McIntosh Decl., Greenberg Decl., and Marks Decl. violate Rule 56(c). Mr. McIntosh's declaration offers legal conclusions, other conclusory assertions, and opinions regarding injury, causation, and reliance that were not disclosed in his expert report and that he -- as an asserted expert only on banking practices -- is not qualified to offer. The Greenberg Decl. offers assertions that conflict with Plaintiffs' pleadings and discovery responses, improperly relies on materials that are not in the record and were not disclosed during discovery, and makes statements for which he lacks personal knowledge. The Marks Decl. also makes assertions that conflict with Plaintiffs' prior admissions. Accordingly, the offending portions of the declarations should be stricken or, at a minimum, disregarded.[1]

**Argument**

I.   PORTIONS OF THE MCINTOSH DECLARATION SHOULD BE STRICKEN.

Richard T. McIntosh was proffered as an expert on banking practices, which is where his background lies and what his expert report addresses. (See McIntosh Decl. Ex. A.) The declaration he submitted in response to Charter One's summary judgment motion, however, is littered with legal conclusions and rank speculation about such non-banking topics as what "would have been material to . . . potential investors" (¶ 2), whether Charter One "could have stopped Plaintiffs' massive losses at any time" (¶ 3), whether "Charter One caused [those] losses" (¶ 6), what it was "reasonable" for a hedge fund such as the Agile Fund "to believe" (id.), whether "an investor hearing Charter One's representations about the security of Lancelot would

---

[1]   Charter One files this motion to strike in an abundance of caution in light of case law from prior to enactment of the most recent version of the Federal Rules of Civil Procedure suggesting that objections to declarations might be waived if not raised via a motion to strike. See Thrasher v. B&B Chem. Co., 2 F.3d 995, 998 (10th Cir. 1993) (failure to move to strike waived defect in affidavit supporting summary judgment motion). Although certain language in the advisory committee notes to the 2010 amendments to Fed. R. Civ. P. 56 suggest motions to strike may no longer be necessary, the Tenth Circuit does not yet appear to have issued any ruling on that question.

have been compelled to act on them" (id.), whether an investor "is entitled to rely on such representations" (id.), whether "Charter One had to know that its representations were meaningful . . . and . . . would be relied upon" (id.), whether the Agile Fund "was reasonable in relying on Charter One's forthcoming assurances to maintain . . . and continue its investments in Lancelot" (id.), whether Charter One's alleged misrepresentations "caused the creation of Plaintiff Sky Bell Select" (id.), whether "Mr. Marks was reasonable in forming Sky Bell Select to invest in Lancelot based on Charter One's extraordinary recommendation" (id.), and whether "Plaintiffs' losses on the[] investments are directly attributable to Charter One's actions" (¶ 7). Needless to say, none of those assertions have anything to do with banking practices, none of them appear in Mr. McIntosh's expert report, and, significantly, none of them are supported by specific facts in the declaration (or in the expert report).

As a result, each such assertion is inadmissible and insufficient to create a genuine dispute as to any material fact for any or all of at least four different reasons. First, they are mere conclusory allegations unsupported by specific facts. See, e.g., Matthiesen v. Banc One Mortgage Corp., 173 F.3d 1242, 1247 (10th Cir. 1999) ("[T]he testimony of an expert can be rejected on summary judgment if it is conclusory and thus fails to raise a genuine issue of material fact."); Thomas v. Int'l Bus. Machines, 48 F.3d 478, 486 (10th Cir. 1995) (finding inadequate an expert witness affidavit unsupported by specific facts); Myers v. Mid-West Nat'l Life Ins. Co., No. 04-cv-00396-LTB-KLM, 2008 U.S. Dist. LEXIS 64739, at *6-7 (D. Colo. Aug. 25, 2008) (rejecting conclusory opinions in expert witness affidavits), aff'd, 371 Fed. Appx. 950, 961 (10th Cir. 2010).

Second, those of the above assertions that address such concepts as materiality, injury, causation, and reasonable reliance impermissibly offer legal conclusions. See, e.g., A.E.

By and Through Evans v. Ind. Sch. Dist. No. 25, 936 F.2d 472, 476 (10th Cir. 1991) ("an expert may not state legal conclusions"); Baros v. Matrix Logistics, Inc., No. 07-cv-01109-LTB, 2008 WL 4001183, at *7 (D. Colo. Aug. 27, 2008) (explaining that, to the extent an expert draws a legal conclusion, his testimony is "inadmissible for purposes of creating a genuine issue of fact"); Myers, 2008 U.S. Dist. LEXIS 64739, at *6 (striking paragraphs of expert affidavit containing legal conclusions).[2]

    Third, all of the above assertions improperly provide supposed expert opinions that were not disclosed in Mr. McIntosh's expert report. See, e.g., Fed. R. Civ. P. 26(a)(2)(B)(i) (providing that expert witness must provide written report that contains, inter alia, "a complete statement of all opinions the witness will express and the basis and reasons for them"); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002) (explaining that "a district court can allow evidence violating Rule 26(a) only if the violation was justified or harmless"); State of Oklahoma v. Tyson Foods, Inc., No. 05-CV-329-GKF-PJC, 2009 U.S. Dist. LEXIS 66530, at *41 (N.D. Okla. July 24, 2009) (holding that expert witness declaration is permissible only to the extent based on the expert report attached to the declaration, and striking opinions in expert witness declaration that lacked citation to supporting paragraphs of expert's report); Palmer v. Asarco Inc., No. 03-CV-0498-CVE-PJC, 2007 U.S. Dist. LEXIS 56969, at *12 (N.D. Okla. Aug. 3, 2007) ("Under Rule

---

[2]  Other assertions in the McIntosh Decl. impermissibly state legal conclusions as well. (See, e.g., McIntosh Decl. ¶ 2 ("Charter One was negligent in its performance of due diligence, its asset-based audits and its monitoring of the Lancelot funds" (emphasis added)); id. ("As a result of Charter One's negligence . . . ." (emphasis added)).)

26(a)(2), courts may exclude specific opinions or bases for the expert's opinions that were not fairly disclosed in the expert's report.").

Finally, Mr. McIntosh is not qualified to offer any of the above assertions. There is no indication whatsoever in his declaration, his expert report, or his curriculum vitae that Mr. McIntosh -- an apparent lifelong commercial lender -- possesses the "knowledge, skill, experience, training, or education" regarding such legal topics as injury-in-fact and causation, or regarding what portfolio managers -- or any investors -- rely on when making investment decisions. Fed. R. Evid. 702. As a result, his opinions on those topics are inadmissible. See, e.g., Milne v. USA Cycling Inc., 575 F.3d 1120, 1134 (10th Cir. 2009) ("To determine whether an expert opinion is admissible . . . the court must determine whether the expert is qualified by 'knowledge, skill, experience, training, or education' to render an opinion." (quoting Fed. R. Evid. 702)); Curtis v. State Farm Mut. Auto. Ins. Co., 621 F. Supp. 2d 1122, 1126-27 (D. Colo. 2008) (affiants who lacked medical education or experience were not qualified to testify as to plaintiff's medical condition).

Accordingly, the identified passages from the McIntosh Decl. are inadmissible and should be stricken.

## II. PORTIONS OF THE GREENBERG DECLARATION SHOULD BE STRICKEN.

At least three portions of the Greenberg Decl. should be stricken as inadmissible. First, to the extent the declaration suggests the Agile Fund purchased additional units of Lancelot after July 2007, it conflicts with Plaintiffs' prior judicial admissions. A declaration that is inconsistent with prior discovery responses, pleadings, or sworn testimony should be disregarded. See, e.g., Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established."); Dixon v. Kirkpatrick, 553 F.3d 1294, 1302-1303 (10th Cir. 2009) (holding that

admission made in response to request for admission was binding against party that later sought to deny it in connection with motion for summary judgment); Fryman v. West Telemarketing, L.P., No. 06-CV-327-GKF-PJC, 2007 U.S. Dist. LEXIS 42591, at *7-9 (N.D. Okla. June 4, 2007) (disregarding plaintiff's affidavit that was contrary to her deposition testimony and allegations in complaint).[3]

The declaration implies that the Agile Fund purchased additional Lancelot interests after July 2007 by reinvesting supposed returns on the earlier investments:

- "each month, additional interest in the Lancelot limited partnerships could be purchased by investing returns obtained. Each month, during our portfolio meeting, we therefore reevaluated ASVF's investments in Lancelot and determined whether ASVF would redeem the investment, maintain the investment, increase the investment and/or reinvest the earnings. Throughout the period from 2004 to 2008, we made investment decisions to increase our exposure to Lancelot." (Greenberg Decl. ¶ 2.)

- "ASVF relied on the representations by Charter One and Swiss Financial to decide . . . to continue to invest its returns in Lancelot each month." (Id. ¶ 13.)

In responding to Charter One's Requests for Admissions, however, Plaintiffs admitted that, "as of July 2007 Agile Safety Variable Fund already owned Lancelot limited partnership units and did not purchase any additional units after July 2007." (Decl. Supp. RBS Citizens, N.A.'s Am. Mot. Summ. J. (Feb. 28, 2011) (Doc. Nos. 167-68) ("Feb. Decl.") Ex. A-50 at 6 (RFA No. 10).) Likewise, in responding to an interrogatory requesting dates of Plaintiffs' investments in Lancelot, "including re-investment of returns," Plaintiffs pointed to documents showing investments occurring solely in 2004. (Feb. Decl. Ex. A-49 at 6 (Interrog. No. 5); see also Feb.

---

[3] See also, e.g., Franks v. Nimmo, 796 F.2d 1230, 1237 (10th Cir. 1986) (disregarding affidavit inconsistent with deposition testimony as "an attempt to create a sham fact issue"); Kalinowski v. Kalinowski, No. 7-09-12233 SS, 2011 Bankr. LEXIS 858, at *14-15 n.3 (Bankr. D. N.M. Mar. 8, 2011) (holding that defendant's affidavit was insufficient to raise genuine issue of material fact "in light of his admissions to the contrary" in his deposition testimony and responses to requests for admission).

Decl. Ex. A-32 at 5 (Interrog. No. 6).) Thus, any contrary suggestion in Greenberg's declaration -- which fails to explain the apparent discrepancy or why he is just now asserting such evidence, which he does not claim is newly discovered, months after his deposition and weeks after the close of discovery -- should be stricken.

The second category of assertions in the Greenberg Decl. that should be stricken are those that reference a supposed "derivative contract with KBC." (Greenberg Decl. ¶¶ 2, 6.) Those portions should be stricken both because the declaration does not attach that contract (or even any documents evidencing it), and because Plaintiffs failed to produce any such materials during discovery. Greenberg asserts that, during the period of 2004-2008, he and others "made the investment decision to increase ASVF investments in Lancelot limited partnerships through our derivative contract with KBC." (Id. ¶ 2.) But he fails to attach any such contract to the declaration even though, on summary judgment, "materials referred to in an affidavit or declaration . . . must be placed in the record" if they "are not yet in the record." Fed. R. Civ. P. 56 advisory committee note to 2010 Amendments Subdivision (c).[4] The declaration's references to the "derivative contract" should be stricken for that reason alone. See West Ridge Group L.L.C. v. First Trust Co. of Onaga, No. 07-cv-01587-WYD-BNB, 2009 U.S. Dist. LEXIS 18177, at *9 (D. Colo. Mar. 10, 2009) (striking paragraphs of affidavit that made conclusory statements regarding appraisals that were not attached), aff'd, No. 09-1358, 2011 U.S. App. LEXIS 3571, at *13-*15 (10th Cir. Feb. 23, 2011); Fin. Servs. of America, L.L.C. v. EGL-Eagle Global

---

[4] See also Fed. R. Civ. P. 56 advisory committee note to 2010 Amendments Subdivision (e) (explaining that former Rule 56(e)(1) requirement "that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted [from the December 2010 Rules] as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record").

Logistics, L.P., No. 04-2497-CM, 2007 U.S. Dist. LEXIS 60868, at *6-7 (D. Kan. Aug. 17, 2007) (disregarding portion of affidavit referencing letter not attached to affidavit).

The omission is particularly egregious and prejudicial in that Plaintiffs also failed to produce the supposed derivative contract or any materials relating to it in discovery, despite being obligated to do so. More than ten months ago, Charter One requested, and Plaintiffs agreed to produce, "all documents and communications concerning Lancelot,"[5] but Plaintiffs have never produced any materials even referencing any derivative contract involving Lancelot. This is despite the fact that, on November 3, 2010, Magistrate Judge Boland issued an order compelling Plaintiffs to produce "quarterly statements . . . identifying all assets held by Plaintiffs" from June 2003 through the date of the order (Order dated Nov. 3, 2010 (Doc. No. 119) (emphasis added)). Worse yet, Plaintiffs -- despite repeated promises to the contrary -- have assiduously avoided responding substantively to Charter One's repeated requests that they supplement their productions to include compelled materials that they had failed to produce.[6]

Pursuant to Fed. R. Civ. P. 37(c)(1), a party that fails to disclose information that is responsive to discovery requests cannot use such information on a motion unless the failure is

---

[5] Decl. to Reply Br. Supp. RBS Citizens, N.A.'s Am. Mot. for Summ. J. (Apr. 11, 2011) ("Reply Decl.") Ex. A-53 at 3 (Req. No. 6).

[6] Specifically, on November 19, 2010, Charter One sent Plaintiffs a letter demanding further production. (Reply Decl. Ex. A-66.) Receiving no substantive response, Charter One re-sent the letter on January 4, 2011 and again on January 21, 2011. (See Reply Decl. Ex. A-67.) On January 24, 2011, Plaintiffs promised to respond "shortly" (id), but, having received no such response by February 8, 2011, Charter One raised the issue again during a conference call, at which point Plaintiffs' counsel said that a response was in the works. (Id.) By February 23, however, Plaintiffs still had failed to provide such a response, so Charter One's counsel raised the issue during a conference before Magistrate Judge Boland, at which point Plaintiffs' counsel advised that they were in the process of responding to remaining discovery requests. (Id.) A month later, having still received no response, Charter One sent Plaintiffs' counsel another letter, dated March 24, 2011, reiterating Plaintiffs' obligation to produce the materials described in the original letter from four months earlier and asking Plaintiffs to advise counsel by March 25 as to when they would provide the requested materials. (Id.) To date, Plaintiffs have not responded to that letter either. (Reply Decl. ¶ 18.)

harmless. See Fed. R. Civ. P. 37(c)(1); Brudwick v. Minor, No. 05-cv-00601-WYD-MJW, 2006 U.S. Dist. LEXIS 51608, at *67 n.15 (D. Colo. July 13, 2006); Stevens v. Deluxe Fin. Servs., Inc., 199 F. Supp. 2d 1128, 1144 n.44 (D. Kan. 2002) (finding inadmissible under Rule 37(c)(1) letter that fell within scope of document requests but was not produced).  Furthermore, under Rule 37(b)(2)(A), if a party fails to obey a discovery order and then submits undisclosed information covered by the order in a declaration opposing a motion for summary judgment, that information is "subject to rejection" regardless of whether the offending party can show a lack of harm. United States v. Goldston, No. 06-cv-02153-REB-KLM, 2008 U.S. Dist. LEXIS 109966, at *21 (D. Colo. July 31, 2008) (Mix, M.J.), adopted, 2009 WL 2982867 (D. Colo. Sept. 17, 2009).  Thus, Plaintiffs cannot now rely on Greenberg's assertions regarding the Agile Fund's purported derivative contract in an attempt to avoid summary judgment.

Finally, the declaration's unsubstantiated claims that, in 2005, there was "ample real estate and cash in Lancelot to pay back" the Agile Fund's investment, and that "other funds that did redeem during that period got their money out" (Greenberg Decl. ¶ 7) run afoul of Fed. R. Civ. P. 56(c)(4)'s requirement that declarations "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  See also Argo v. Blue Cross and Blue Shield of Kansas, Inc., 452 F.3d 1193, 1200 (10th Cir. 2006) (finding that district court did not abuse its discretion in "striking and disregarding" portion of affidavit not based on personal knowledge); Curtis v. State Farm Mutual Automobile Ins. Co., 621 F. Supp. 2d 1122, 1126 (D. Colo. 2008) (granting motion to strike affidavits "not based on personal knowledge" and containing "conclusory" statements "not supported by any corroborating evidence"); Starkey v. Miller, No. 06-cv-00659-LTB, 2007 U.S. Dist. LEXIS 92221, at *21-24 (D. Colo. Dec. 17, 2007) (striking portions of affidavits that

were conclusions of law or ultimate fact, speculative, and/or not based on personal knowledge), aff'd, 569 F. 3d 1244 (10th Cir. 2009). The declaration fails to explain how Greenberg was aware of the financial status of Lancelot, or of redemptions by other Lancelot investors, let alone how any such awareness would be based on something other than impermissible hearsay.[7] Moreover, to the extent such testimony is offered in an effort to refute the fact that Plaintiffs' Lancelot interests were worthless, it is also barred as inconsistent with Plaintiffs' prior judicial admissions. (See Second Am. Compl. (Doc No. 92) ¶ 5; see also id. ¶¶ 49, 51-53.)

III. PORTIONS OF THE MARKS DECLARATION SHOULD BE STRICKEN.

Faced with the inconvenient fact that Charter One's alleged misrepresentations were made only to no more than one person -- Eric Fonacier -- who worked only for the Agile Fund's general partner -- Agile Group, LLC ("Agile Group") -- but not for Sky Bell Asset Management LLC ("SBAM"), which is the general partner of Sky Bell Select, the Marks Decl. asserts that Charter One "made . . . representations to SBAM" (¶ 3; see also ¶ 4 ("Charter One made the following representations to us.")) and that SBAM relied on certain statements "by Charter One" (¶ 4). Those portions of the declaration should be stricken because they contradict Plaintiffs' binding judicial admissions, are impermissible legal conclusions, or both. Plaintiffs have admitted that the only communications that anyone from Charter One had with anyone associated with either Plaintiff were Bernardo Lacayo's alleged telephone conversation and email correspondence with Mr. Fonacier in late July 2007. (See Feb. Decl. Ex. A-32 at 3-4 (Interrogs. 1-3).) They have also admitted that Mr. Fonacier performed due diligence only for

---

[7] See Thomas v. Int'l Bus. Machines, 48 F.3d 478, 485 (10th Cir. 1995) ("[H]earsay testimony that would be inadmissible at trial may not be included in an affidavit to defeat summary judgment."); Honeycutt v. Safeway, Inc., 475 F. Supp. 2d 1063, 1071 (D. Colo. 2007) ("Speculation, opinion, or hearsay testimony" should not be considered on a summary judgment motion.").

Agile Group and "other Agile entities." (Declaration of Eric Fonacier (Doc. 99) ¶¶ 1, 7.) Mr. Marks himself admits that the only due diligence Agile Group conducted for SBAM was in connection with the Agile Sky Alliance Fund ("Alliance Fund"). (Marks Decl. ¶ 3.) Thus, as a factual matter, Mr. Marks and Plaintiffs cannot now assert that Mr. Lacayo's alleged statements to Mr. Fonacier were actually statements "to SBAM." To the extent Mr. Marks means to suggest that Agile Group's and SBAM's collaboration with respect to the Alliance Fund somehow transformed Charter One's alleged statements to Mr. Fonacier into statements "to SBAM," that would be a legal conclusion that is likewise inadmissible. See, e.g., Starkey, 2007 U.S. Dist. LEXIS 92221, at *22-24 (striking portions of affidavits that were conclusions of law or ultimate fact). For the same reason, Mr. Marks' statement that "SBAM relied on [certain] statements by Charter One" (Marks Decl. ¶ 4 (emphasis added)) is likewise inadmissible because Plaintiffs' admissions show that the most SBAM could have relied on were statements by Mr. Fonacier regarding what he claimed to have taken from his alleged conversation with Mr. Lacayo.

## Conclusion

Because the portions of the McIntosh Decl., Greenberg Decl., and Marks Decl. identified above are inadmissible under Fed. R. Civ. P. 56(c) (and, in some cases, Fed. R. Civ. P. 26(a)(2), 37(b)(2)(A), and 37(c)(1) as well), Charter One respectfully requests, in an abundance of caution, that the Court strike those assertions, and enter any additional relief that the Court deems just and proper.

Dated this 11th day of April, 2011.                    Respectfully submitted,


                                                   /s Howard Schiffman
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street N.W., Suite 850
Washington, DC  20005
Telephone:  202-729-7470
E-Mail:  howard.schiffman@srz.com
E-Mail:  eric.bensky@srz.com

David A. Zisser
Davis, Graham & Stubbs LLP
1550 Seventeenth St, Suite 500
Denver, CO 80202
Telephone:  303-892-9400
Email:  david.zisser@dgslaw.com

Counsel for Defendant RBS Citizens, N.A.

**Certificate of Service**

I hereby certify that on this 11th day of April, 2011, I electronically filed Defendant RBS Citizens, N.A.'s Motion to Strike Plaintiffs' Declarations with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to each of the following:

| Plaintiffs' Attorneys: | Attorneys for Swiss Financial Services, Inc.: |
|---|---|
| Steven W. Thomas<br>Thomas, Alexander & Forrester LLP<br>14-27th Ave<br>Venice, CA 90291<br>steven.thomas@tafattorneys.com | Robert B. Christie<br>Henderson & Lyman<br>175 West Jackson Blvd, Suite 240<br>Chicago, IL 60604<br>rchristie@henderson-lyman.com |
| Steven M. Feder<br>Feder Law Firm<br>730 17th Street, Suite 550<br>Denver, CO 80202<br>steve@federlawfirm.com | Holly Stein Sollod<br>Brooke Harrison McCarthy<br>Holland & Hart LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202<br>hsteinsollod@hollandhart.com<br>bhmccarthy@hollandhart.com |

/s Eric A. Bensky
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street N.W., Suite 850
Washington, DC  20005
Telephone:  202-729-7470
E-Mail:  howard.schiffman@srz.com
E-Mail:  eric.bensky@srz.com

Counsel for Defendant RBS Citizens, N.A.