**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Honorable William J. Martinez

Case No. 1:09-cv-02786-WJM-BNB

AGILE SAFETY VARIABLE FUND, L.P. and
SKY BELL SELECT LP,

                Plaintiffs,

      v.

RBS CITIZENS, N.A. d/b/a CHARTER ONE BANK, and
SWISS FINANCIAL SERVICES, INC.,

                Defendants.

---

**SWISS FINANCIAL SERVICES, INC.'S RESPONSE
TO
PLAINTIFFS' MOTION STRIKE SWISS FINANCIAL SERVICES, INC.'S REPLY
IN SUPPORT OF ITS AMENDED MOTION FOR SUMMARY JUDGMENT**

---

Defendant Swiss Financial Services, Inc. ("**SFS**"), through its attorney and as its response

to Plaintiffs' Motion to Strike Swiss Financial Services, Inc.'s Reply in Support of Its Amended

Motion for Summary Judgment ("**Motion**"), states as follows:

**A.    SFS had the unabridged right to file a reply brief in support of the Amended Motion
for Summary Judgment.**

Following oral arguments by the parties on March 3, 2011, the Court considered the

issues raised in the Amended Motion for Summary Judgment (the "**Summary Judgment**

**Motion**") and the importance of addressing the issue of whether the Plaintiffs had standing at an

early stage, by stating on the record:

        that the defendants have the right to have that [standing] issue vigorously briefed
        and argued before the Court on a pretrial basis and not to have to go through the

expense and costs of preparing for and defending at trial a matter that can and should be resolved prior to trial.

(Hearing Tr. at 31)

Notwithstanding the Court's pronouncement, Plaintiffs want to abridge that right. Plaintiffs telegraphed their intent by alleging in their Response that "Swiss Financial cannot, after a one-page joiner, submit arguments on reply that are different than Charter One's arguments, which made no mention of Swiss Financial." (Resp. at 4)  At first glance, Plaintiffs' edict could be taken two ways: (1) SFS had no right to file a reply brief; or (2) SFS had a right to file a reply brief, but could not present new legal arguments.  If the latter was Plaintiffs' intent, then there is no harm because SFS has not raised any legal arguments that differ from the arguments in the Summary Judgment Motion.  However, it appears that the former was Plaintiffs' true intent.  Even more disconcerting is the fact that the Plaintiffs – having unilaterally determined that SFS had no right to file a reply brief – found it necessary to set forth five pages of factual allegations against SFS in their Response, which according to Plaintiffs' decree, could not be responded to by SFS.  (Resp. at 13-17)  Plaintiffs' lament that SFS's reply brief is prejudicial is extraordinary when one considers the prejudice SFS would face if Plaintiffs were allowed to proceed without SFS's rebuttal.  Fortunately, this is not a playground where Plaintiffs can create their own rules.

Plaintiffs' Motion is based, in part, on SFS's one-page joiner of the Summary Judgment Motion filed by RBS Citizens N.A.  However, whether SFS joined the Summary Judgment Motion prior to its filing or after its filing is of no consequence – because the legal arguments are the same on the issues regarding Plaintiffs' lack of standing and whether Plaintiffs' claims of negligent misrepresentation, negligence, and violation of the Colorado securities laws can

withstand a motion for summary judgment.   Furthermore, as SFS's counsel explained to the Court on March 3, 2011, SFS's Motion to Dismiss (Docket No. 44) and its supporting briefs (Docket Nos. 45, 75, and 130), which were filed in 2010, contained substantially all of the facts that would be contained in a summary judgment motion filed by SFS.[1]   (Hearing Tr. at 7) Because nearly all of the facts had previously been presented to the court and to the Plaintiffs, in the interest of efficiency and to lessen the burden on the Court, SFS was permitted to proceed by simply filing the one-page joiner.  (Hearing Tr. at 33)  Indeed, the only factual information not contained in those previous motions were the actual dates on which Plaintiffs made their respective investments in Lancelot – which is information that has always been in the Plaintiffs' possession.  Accordingly, Plaintiffs' allegation that they are prejudiced is not only untimely (an issue that could have been raised at the March 3 hearing, but was not), it is also disingenuous, because nearly the entire factual basis relied upon by SFS for joining the Summary Judgment Motion had been submitted to Plaintiffs in prior filings and was identified at the March 3 hearing.

Indeed, Plaintiffs' allegation that the "272 pages of affidavits, declarations, and exhibits" attached to SFS's Reply was "profoundly unfair to Plaintiffs" because SFS was allegedly able to "submit evidence to the Court *unrebutted* by Plaintiffs," was made with complete lack of candor. (Resp. at 2, emphasis in original)   If the Plaintiffs had been sincere in their argument, they would have explained to the Court that 220 pages of those declarations and exhibits consisted of Joseph Barone's declaration, with exhibits, that was filed with SFS's Motion to Dismiss on

---

1    SFS's Motion to Dismiss, which was based on Rule 12(b)(1 & 2) of the Federal Rules of Civil Procedure, has not been ruled upon and is currently pending before the Court.  The Rule 12(b)(1) portion of the motion became moot when all but two of the Plaintiffs were voluntarily dismissed and the remaining Plaintiffs dismissed the foreign defendant Royal Bank of Scotland Group PLC.

March 12, 2010 – over one year before.  Similarly, another of the exhibits attached to the Reply,

SFS's expert report, had been in Plaintiffs' possession since September 2010.  Most of the 34

remaining exhibit pages contained deposition excerpts that were also attached to SFS

Supplement Reply (Docket No. 130) to SFS's Motion to Dismiss.  Moreover, the source of the

exhibits was clearly explained to the Plaintiffs in footnote 1 of the Reply, making Plaintiffs'

Motion even more unwarranted.  (*See* Reply at note 1)

**B.      SFS substantially complied with the Court's Practice Standards, and SFS's Reply
         complied with section III.C.4 of the Court's Practice Standards.**

Plaintiffs' allegation that SFS's Reply failed to comply with section III.C.4 of the Court's

Practice Standards is inconsistent with a clear reading of section III.C.4.  (Resp. at ¶ 7)  Section

III.C.4 of the Court's Practice Standards provides, in part, as follows:

> The statements of fact sections in opening and responsive briefs on motions for
> summary judgment shall not exceed 20 pages, and the statement of fact sections
> in any reply brief shall not exceed 8 pages.

SFS's statement of fact section in its Reply, including the caption, did not exceed six pages, well

within the limit imposed by the Court's Practice Standards.  (Reply at 1-6)

SFS concedes that following some last minute edits, which included an introduction and

additional explanatory headings, SFS's argument section inadvertently exceeded the page

limitation imposed by Section III.C.3 of the Court's Practice Standards by approximately one

page, and that excess was not noticed until shortly after the brief was filed.  However, such an

error does not warrant the striking of a brief, and SFS withdraws the offending portion of its

argument.

## CONCLUSION

For the foregoing reasons, Swiss Financial Services, Inc. respectfully requests that the

Court deny Plaintiffs' Motion to Strike.


April 13, 2011

Respectfully submitted,

SWISS FINANCIAL SERVICES, INC.


By:   /s/   Robert B. Christie
One of Its Attorneys

Robert B. Christie
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6957
rchristie@henderson-lyman.com

## CERTIFICATE OF SERVICE

I, an attorney of law, hereby certify that on April 13, 2011 I electronically filed Swiss Financial Services, Inc's <u>Response to Plaintiffs' Motion to Strike Swiss Financial Services, Inc.'s Reply in Support of Defendants' Motion for Summary Judgment</u> through the Court's Electronic Cases Filing System, and that pursuant to Local Rule 5.2, such filing constitutes service on all Filing Users, which represents all persons who filed an appearance in this matter, and includes but is not limited to the following:

Plaintiffs' attorneys:

    Steven W. Thomas
    Thomas, Alexander & Forrester LLP
    14 – 27th Avenue
    Venice, CA 90291
    StevenThomas@tafattorneys.com

    Steven M. Feder
    Feder Law Firm
    730 Seventeenth Street, Suite 550
    Denver, CO 80202
    e-mail address: steve@federlawfirm.com

Attorneys for Citizen Financial Group and Royal Bank of Scotland:

    Howard Schiffman
    Christopher M. McLean
    Schulte Roth & Zabel, LLP
    1152 15th Street, N.W. Suite 850
    Washington, DC 2005
    christopher.mclean@srz.com

    David A. Zisser
    Davis Graham & Stubbs, LLP-Denver
    1550 17th Street Suite 500
    Denver, Co 80202
    david.zisser@dgslaw.com

    /s/   Robert B. Christie
    Robert B. Christie
    HENDERSON & LYMAN
    175 West Jackson Boulevard, Suite 240
    Chicago, Illinois 60604