**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  09-CV-02786-WJM-BNB

Agile Safety Variable Fund, L.P. and Sky Bell Select LP,

      Plaintiffs,

v.

RBS Citizens, N.A.  d/b/a Charter One Bank and Swiss Financial Services, Inc.,

      Defendants.

---

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STRIKE SWISS FINANCIAL SERVICES, INC.'S REPLY IN SUPPORT OF ITS AMENDED MOTION FOR SUMMARY JUDGMENT**

---

Plaintiffs Agile Safety Variable Fund, L.P. ("Agile") and Sky Bell Select L.P. ("Sky Bell") file this reply to Defendant's Opposition to Plaintiffs' Motion to Strike Defendant Swiss Financial Services, Inc.'s ("SFS") Reply In Support of Its Amended Motion for Summary Judgment (Doc. No. 183) (hereafter "Reply"), and as grounds there for state as follows:

After SFS failed to seek leave to file a summary judgment motion on its own, SFS moved to join co-defendant RBS Citizens, N.A.'s ("Charter One") motion.  This Court did *not* find that the Special Magistrate's order was clearly erroneous, but instead granted RBS's separate motion for leave to file summary judgment.  The Court did so even though RBS and SFS had obtained delay by telling Plaintiffs that they needed extensions to take expert depositions when Plaintiffs' counsel was in trial, but then after getting the delay Defendants agreed not to take those very expert depositions Defendants claimed justified the delay.  Thus, by Court Order, SFS was permitted to file a one page joiner in Charter One's summary judgment motion.  (Doc. No. 173.)

1

Through their joiner, SFS joined the fact-specific arguments made by Charter One, to which Charter One has filed a reply. Although the Court, in equity, allowed Charter One to file its motion for summary judgment and SFS to join, it violates due process and is *in*equitable to put SFS in a better position than even if it had moved for leave to file summary judgment. SFS asks this Court to allow it to withhold all its facts and arguments until its 19 page reply brief, which submits 272 pages in new "evidence" per a declaration on "reply." The simple truth is that SFS and Charter One committed gross negligence and made material misrepresentations to Plaintiffs. SFS was running the books of Lancelot and represented that there were "no issues with funny money movement" when in fact *all the Lancelot transactions **were fake** and it was a great, big fraud*. Charter One promised it was doing *asset based due diligence* when in fact *the assets Charter One promised it was verifying **did not exist***. In reliance thereon, Agile refrained from redeeming its investments and continued to invest in Lancelot. More pointedly, in direct reliance on SFS and Charter One's misrepresentations, Sky Bell was formed to invest in Lancelot.

The retirees that lost all their money based on SFS's gross negligence and fraud deserve to present their claims to a fact-finder. Plaintiffs respectfully request that, pursuant to the law, the Federal Rules, this Court's Order and equity, SFS's reply brief be stricken and SFS's motion for summary judgment be denied.

**A.     SFS's Reply Brief Introduces Arguments Beyond the Opening Briefs**

Charter One's summary judgment arguments that SFS joined were Charter One fact-specific arguments related to the claims against Charter One. (Doc. No. 166.) Facts related to SFS were not discussed at all in Charter One's summary judgment motion. In fact, Charter

One's statement of material facts never once mentioned SFS, any of its employees or any communications SFS had with Agile. (*Id.* at 4-11.)

The only additional argument SFS made in its joiner—without citation to any factual support—was, "In support of the issue of lack of standing, an Agile Safety Variable Fund LP employee, Eric Fonacier, testified that he spoke to a representative of SFS in or about February 2005, and he did not recall another such conversation in May 2007, as indirectly alleged by Agile. There has been no testimony by any Sky Bell Select LP representative that a Sky Bell employee ever spoke with a representative of SFS." (Doc. No. 173.)

SFS's reply, however, adds numerous additional arguments that were not made in either Charter One's summary judgment motion or SFS's one page joiner.

- SFS makes a detailed standing argument, in contrast to its two sentence, uncited argument in its one page joiner. (Doc. No. 183 at 6-16.)

- SFS argues, for the first time, that "Agile lacks standing because its alleged injuries are not fairly traceable to SFS's representation[s]" because: "Agile made all of its investments prior to SFS's alleged misrepresentation" (*id.* at 9-11); "Plaintiffs have not shown that any of SFS's representations even amounted to misrepresentations" (*id.* at 11-13); and "Plaintiffs have not shown that it justifiably relied on any of SFS's alleged misrepresentations when making any investment decisions" (*id.* at 13-14).

- SFS argues, again for the first time, that "Sky Bell lacks standing because it suffered no injury in fact and any injuries suffered by Sky Bell are not fairly traceable to SFS's representation[s]" because: "Sky Bell did not exist at the time of SFS's alleged misrepresentations" (*id.* at 14-15); "Sky Bell has not shown that any of SFS's representations amounted to misrepresentations" (*id.* at 15); and "Sky Bell has not shown that it justifiably relied on any of SFS's alleged misrepresentations when making any investment decisions" (*id.* at 15-16).

- SFS argues, again for the first time, that "summary judgment should be granted because practical considerations further discourage judicial action." (*Id.* at 16.)

3

- SFS argues, again for the first time, that "SFS is entitled to summary judgment against Plaintiffs' negligent misrepresentation and negligence causes of action because Plaintiffs cannot prove that any injury was caused by SFS, that SFS's representations or actions were tortious, or that reliance on any alleged misrepresentation was justified." (*Id.* at 17.)

- SFS argues, again for the first time, that "SFS is entitled to summary judgment against Plaintiffs' Colorado Securities Act cause of action because the Act is inapplicable to the facts surrounding Plaintiffs' claim." (*Id.* at 17-19.)

These SFS fact-specific arguments were not made in Charter One's summary judgment motion or SFS's one page joiner—they appear for the first time in SFS's 19 page reply. Despite SFS's selective quote from the hearing that all defendants have the right to "vigorously brief" the issues pertaining to the summary judgment motion, this Court presumably did not displace the federal procedural rules and long-standing legal principles regarding the scope and purpose of reply briefs.

**B.    SFS's Actions Are Contrary to the Universally Accepted Rule that Issues Raised for the First Time in A Reply Brief Must Be Stricken or Disregarded**

The general rule is that courts refuse to consider issues raised for the first time in a reply brief. *Davis v. The Geo Group, Inc.*, No. 10-cv-0222, 2010 WL 5246571, at *2 (D. Colo. Dec. 16, 2010); *Fisher v. Adams County School District No. 12*, No. 05-CV-01621, 2006 WL 407820, at *2 n.1 (D. Colo. Feb. 16, 2006) (arguments raised for the first time in reply brief are procedurally improper); *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) (a party waives issues and arguments raised for the first time in a reply brief); *Wheeler v. Commissioner of Internal Revenue*, 521 F.3d 1289 (10th Cir. 2008) ("[W]e will not consider the arguments [a party] raised for the first time in his reply brief.") (citation omitted).

The Tenth Circuit in *Stump v. Gates*, 211 F.3d 527 (10th Cir. 2000), aptly described the

rationale behind striking reply briefs that present new issues of law or fact:

> This court does not ordinarily review issues raised for the first time in a reply brief. The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result. The rule also protects this court from publishing an erroneous opinion because we did not have the benefit of the appellee's response.

*Id.* at 533 (citation omitted); *see also Davis*, 2010 WL 5246571, at *2 ("[I]t would be inequitable to consider arguments regarding issues as to which the movant has the burden of proof that are not fully developed until the reply brief."); *Alcohol Monitoring Sys. Inc. v. ActSoft, Inc.*, 682 F. Supp. 2d 1237, 1242 (D. Colo. 2010) ("The rationale underpinning this rule is tied to the fact that a responding party to a motion ordinarily does not have an opportunity to respond to a reply. Therefore, allowing a party to raise an issue for the first time in a reply brief would prevent the responding party from presenting a counter-argument and force the Court to decide a potentially contentious issue without the benefit of the opposing perspective.") (citation omitted); *Fischer*, 2006 WL 407820, at *2 n.1 ("It is improper for a party to reserve its best case, even if ostensibly raised in response to its opponent's arguments, for its reply, when the opponent has no ready means of responding.").

In submitting a reply brief composed almost entirely of arguments outside of Defendant Charter One's summary judgment brief, which this Court granted leave for SFS to join, and SFS's own one-page joiner which this Court allowed SFS to file itself, SFS has cheated the Plaintiffs of the opportunity to demonstrate that the record does not support SFS's factual assertions, or to present any argument regarding the applicable legal precedent to respond to

5

SFS's positions.[1]

SFS's argument that Plaintiffs suffer no prejudice from its reply brief because the documents attached were previously produced during discovery is unjustifiable. The issue before the Court is not whether Plaintiffs had access to these documents before SFS filed its reply, but that Plaintiffs now have no opportunity to respond to how SFS used these selective quotations from depositions and various documents they allege support their positions.

**C.  Defendant's Failure to Comply with this Court's Practice Standards Warrants Striking Defendant's Reply**

The Court should also strike SFS's reply for its failure to comply with this Court's Practice Standards. Rule III.C.3 limits reply briefs to 12 pages, excluding the statement of facts. This includes attorney signature pages and certificates of service. Without seeking leave of the court for permission to exceed the page limit, leave which are granted in only extraordinary circumstances and by motion well in advance of the filing deadline, SFS filed an over 14 page reply excluding its facts section. This in itself warrants granting Plaintiffs' motion to strike. *See Hendrix v. Coffey*, 305 Fed. Appx. 495, 497 (10th Cir. 2008) (striking reply brief for failure to comply with page limit requirements); *Bustillo v. Hawk*, 44 Fed. Appx. 396, 400-01 (10th Cir. 2002) (striking *pro se* litigant's brief for failure to comply with page limit requirements); *Association Voice, Inc. v. Athomenet, Inc.*, No. 10-cv-00109, 2010 WL 3086113 (D. Colo. Aug. 5, 2010) (stating that there are a variety of "conditions" imposed upon parties any time they file a document in Court, and failure to adhere to required page limits warranted striking motion).

---

[1] As an alternative to striking SFS's reply brief completely, the Court could instead disregard any arguments that were raised for the first time in the brief. *Ulibarri v. City & Cty. of Denver*, No. 07–cv–01814, 2011 WL 1336388, at *2 & n.1 (D. Colo. Apr. 6, 2011).

WHEREFORE, Plaintiffs respectfully request the Court to strike SFS's Reply and impose sanctions as deemed appropriate by the Court.

DATED this 15th day of April, 2011.

Respectfully submitted,

__/s/ Steven W. Thomas_____
Steven W. Thomas
THOMAS, ALEXANDER & FORRESTER LLP
14 - 27th Avenue
Venice, CA 90291
Phone:  (310) 961-2542
Fax:  (310) 526-6852
Email:  StevenThomas@tafattorneys.com

Steven M. Feder
FEDER LAW FIRM
730 – 17th Street, Suite 550
Denver, Colorado  80202
Phone:  303-221-5599
Fax:  303-221-7357
Email:  steve@federlawfirm.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2011, I electronically filed the foregoing **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STRIKE SWISS FINANCIAL SERVICES, INC.'S REPLY IN SUPPORT OF ITS AMENDED MOTION FOR SUMMARY JUDGMENT** with the Court using the CM/ECF system, which sent notification to all parties of record in this matter.

_____/s/ Steven W. Thomas_____