IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No, 09-cv-02786-WJM-BNB

Agile Safety Variable Fund, L.P. and Sky Bell Select LP,

Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank and Swiss Financial Services, Inc.,

Defendants.

## RBS CITIZENS, N.A.'S ANSWER TO
## SECOND AMENDED COMPLAINT AND JURY DEMAND

RBS Citizens, N.A. d/b/a Charter One ("Charter One") submits this answer to the Second Amended Complaint and Jury Demand ("Complaint") filed against Charter One and Swiss Financial Services, Inc. ("SFS") in the above-captioned action.

1. Charter One DENIES the allegations in Paragraph 1 of the Complaint.

2. Charter One DENIES the allegations in Paragraph 2 of the Complaint, except ADMITS that Charter One was a lender to Lancelot Investors Fund L.P. and Lancelot Investors Fund II, L.P. (collectively, "Lancelot") during the period of in or about February 2006 to in or about September 2008 and that Lancelot provided short-term "purchase order financing" to entities owned or controlled by Thomas J. Petters ("Petters Entities") for purported transactions involving the purchase and resale of excess consumer electronics inventory to large discount retailers such as Costco Wholesale Corporation ("Costco") by purchasing promissory notes from the Petters Entities, which purportedly used the proceeds from the sale of the notes to purchase overstock inventory from certain sellers that Petters Entities purportedly resold to Costco or other retailers and then repaid the notes with interest.

3. Charter One DENIES the allegations in Paragraph 3 of the Complaint, except ADMITS that it extended a line of credit to Lancelot during the period of in or about February 2006 to in or about September 2008, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

4. Charter One DENIES the allegations in Paragraph 4 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

5. Charter One DENIES the allegations in Paragraph 5 of the Complaint, except ADMITS, on information and belief, that Lancelot's investors were the victims of a massive $3.5 billion dollar fraud conducted by, at a minimum, Petters and the Petters Entities, that virtually every Petters transaction Lancelot funded with investors' money was fake, that there was no merchandise underlying the transactions, that the purchase and sale documents related to Petters' deals were fabricated, and that, rather than financing "closeout transactions," Petters operated a massive Ponzi scheme that left investors like Plaintiffs holding worthless notes in excess of $230 million.

6. Charter One DENIES the allegations in Paragraph 6 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

7. Charter One DENIES the allegations in Paragraph 7 of the Complaint.

8. Charter One DENIES the allegations in Paragraph 8 of the Complaint.

9. Charter One DENIES the allegations in Paragraph 9 of the Complaint, except to the extent they state legal conclusions to which no response is required.

10. Charter One DENIES the allegations in Paragraph 10 of the Complaint.

11. Charter One DENIES the allegations in Paragraph 11 of the Complaint, except ADMITS, on information and belief, that Plaintiff Agile Safety Variable Fund, L.P. is a Delaware limited partnership.

12. Charter One DENIES the allegations in Paragraph 12 of the Complaint, except ADMITS, on information and belief, that Plaintiff Sky Bell Select LP is a Delaware limited partnership and has its principal place of business in Hawaii.

13. Charter One DENIES the allegations in Paragraph 13 of the Complaint.

14. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore DENIES them.

15. Charter One DENIES the allegations in Paragraph 15 of the Complaint, except ADMITS that it is a commercial bank subsidiary of Citizen Financial Group, Inc. ("CFG"), which is a bank holding company headquartered in Providence, Rhode Island and indirectly owned by The Royal Bank of Scotland Group, plc.

16. Charter One ADMITS the allegations in Paragraph 16 of the Complaint.

17. Charter One ADMITS the allegations in Paragraph 17 of the Complaint.

18. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore DENIES them.

19. Charter One DENIES the allegations in Paragraph 19 of the Complaint.

20. Charter One DENIES the allegations in Paragraph 20 of the Complaint, except ADMITS that Petters and/or a Petters Entity guarantied the promissory notes that Lancelot purchased from the Petters Entities.

21. Charter One DENIES the allegations in Paragraph 21 of the Complaint.

22. Charter One DENIES the allegations in Paragraph 22 of the Complaint, except ADMITS, on information and belief, that Gregory Bell was the acting manager of Lancelot through on or about September 2008.

23. Charter One DENIES the allegations in Paragraph 23 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

24. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore DENIES them.

25. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore DENIES them, except states that the contents of Lancelot's financial statements and "advertisements" speak for themselves.

26. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore DENIES them.

27. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore DENIES them.

28. Charter One DENIES the allegations in Paragraph 28 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

29. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore DENIES them, except to the extent they state legal conclusions to which no response is required.

30. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore DENIES them, except states that the contents of Lancelot's "offering materials" speak for themselves.

31. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore DENIES them, except to the extent they state legal conclusions to which no response is required.

32. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore DENIES them.

33. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore DENIES them.

34. Charter One DENIES the allegations in Paragraph 34 of the Complaint.

35. Charter One DENIES the allegations in Paragraph 35 of the Complaint, except ADMITS that it extended a line of credit to Lancelot during the period of in or about February 2006 to in or about September 2008.

36. Charter One DENIES the allegations in Paragraph 36 of the Complaint.

37. Charter One DENIES the allegations in Paragraph 37 of the Complaint.

38. Charter One DENIES the allegations in Paragraph 38 of the Complaint.

39. Charter One DENIES the allegations in Paragraph 39 of the Complaint.

40. Charter One DENIES the allegations in Paragraph 40 of the Complaint, except ADMITS, on information and belief, that Agile Safety Variable Fund, L.P. purchased a limited partnership interest in Lancelot beginning in 2003 or 2004 and increased its investment during 2004; states that it lacks knowledge or information sufficient to form a belief as to the quantity of investments "Agile and its related affiliates" had in "Lancelot and its related entities," or as to

whether "Agile" made the Lancelot investments "lightly," or as to whether, "[u]pon initial inspection," Lancelot matched with "Agile's" investment goals; and states that the contents of Lancelot "materials distributed to investors" speak for themselves.

41. Charter One DENIES the allegations in Paragraph 41 of the Complaint.

42. Charter One DENIES the allegations in Paragraph 42 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

43. Charter One DENIES the allegations in Paragraph 43 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

44. Charter One DENIES the allegations in Paragraph 44 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

45. Charter One DENIES the allegations in Paragraph 45 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

46. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore DENIES them.

47. Charter One DENIES the allegations in Paragraph 47 of the Complaint.

48. Charter One DENIES the allegations in Paragraph 48 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

49. Charter One DENIES the allegations in Paragraph 49 of the Complaint.

50. Charter One ADMITS, on information and belief, the allegations in Paragraph 50 of the Complaint.

51. Charter One ADMITS, on information and belief, the allegations in Paragraph 51 of the Complaint, except states that the contents of the FBI Affidavit speak for themselves.

52. Charter One ADMITS, on information and belief, the allegations in Paragraph 52 of the Complaint, except states that the contents of the indictment, plea allocution, and reports of investigation speak for themselves.

53. Charter One ADMITS, on information and belief, the allegations in Paragraph 53 of the Complaint.

54. Charter One ADMITS, on information and belief, the allegations in Paragraph 54 of the Complaint.

55. Charter One DENIES the allegations in Paragraph 55 of the Complaint, except states that the contents of the SEC Complaint speak for themselves.

56. Charter One ADMITS, on information and belief, the allegations in Paragraph 56 of the Complaint, except states that the contents of the plea allocution speak for themselves, and states, on information and belief, that on March 24, 2011, Bell was sentenced to, *inter alia*, five years in prison.

57. Charter One DENIES the allegations in Paragraph 57 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Petters and Bell did not act alone.

58. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore DENIES them.

59. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and therefore DENIES them.

60. Charter One DENIES the allegations in Paragraph 60 of the Complaint.

61. Charter One DENIES the allegations in Paragraph 61 of the Complaint.

62. Charter One DENIES the allegations in Paragraph 62 of the Complaint, except states that the SEC's allegations speak for themselves and states that Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

63. Charter One DENIES the allegations in Paragraph 63 of the Complaint.

64. Charter One DENIES the allegations in Paragraph 64 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

65. Charter One DENIES the allegations in Paragraph 65 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

66. Charter One DENIES the allegations in Paragraph 66 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

67. Charter One DENIES the allegations in Paragraph 67 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

68. Charter One DENIES the allegations in Paragraph 68 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the

allegations pertaining to SFS or as to the quantity of investments "Agile and related affiliates" had in Lancelot, and therefore DENIES them.

69. Charter One repeats and incorporates its prior answers to the allegations contained in paragraphs 1-68, above, as though fully set forth herein.

70. Charter One DENIES the allegations in Paragraph 70 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

71. Charter One DENIES the allegations in Paragraph 71 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

72. Charter One DENIES the allegations in Paragraph 72 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

73. Charter One DENIES the allegations in Paragraph 73 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

74. Charter One DENIES the allegations in Paragraph 74 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

75. Charter One DENIES the allegations in Paragraph 75 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

76. Charter One DENIES the allegations in Paragraph 76 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

77. Charter One repeats and incorporates its prior answers to the allegations contained in paragraphs 1-76, above, as though fully set forth herein.

78. Charter One DENIES the allegations in Paragraph 78 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

79. Charter One DENIES the allegations in Paragraph 79 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them, and except to the extent they state legal conclusions to which no response is required.

80. Charter One DENIES the allegations in Paragraph 80 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

81. Charter One DENIES the allegations in Paragraph 81 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

82. Charter One repeats and incorporates its prior answers to the allegations contained in paragraphs 1-81, above, as though fully set forth herein.

83. Charter One lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint, and therefore DENIES them, except to the extent they state legal conclusions to which no response is required.

84. Charter One DENIES the allegations in Paragraph 84 of the Complaint.

85. Charter One DENIES the allegations in Paragraph 85 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them, and except to the extent they state legal conclusions to which no response is required.

86. Charter One DENIES the allegations in Paragraph 86 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

87. Charter One DENIES the allegations in Paragraph 87 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

88. Charter One DENIES the allegations in Paragraph 88 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them.

89. Charter One DENIES the allegations in Paragraph 89 of the Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to SFS, and therefore DENIES them, and except to the extent they state legal conclusions to which no response is required.

# **AFFIRMATIVE DEFENSES**[1]

1.      Plaintiffs fail to state a claim against Charter One for which any relief can be granted, in law or equity.

2.      The claims are barred because this Court lacks personal jurisdiction over Charter One.

3.      The claims are barred because Plaintiffs lack standing.

4.      The claims are barred because Plaintiffs suffered no injury-in-fact traceable to any conduct of Charter One.

5.      The claims asserted by Plaintiff Sky Bell Select LP are barred because it did not exist at the time of Charter One's alleged misrepresentations.

6.      The claims asserted by Plaintiff Agile Safety Variable Fund, L.P. are barred because it purchased all of its Lancelot interests prior to the alleged misrepresentations, by which point those securities were already worthless.

7.      The claims asserted by Plaintiff Agile Safety Variable Fund, L.P. are barred because the absence of evidence of actions demonstrating that it would have sold a specific quantity of its Lancelot interests on a particular date but for the alleged misrepresentations prevents it from proving that it relied on those alleged misrepresentations.

8.      The Colorado Securities Act claims asserted by Plaintiff Agile Safety Variable Fund, L.P. are barred because it was not a purchaser or seller of securities.

---

[1]     In asserting the affirmative defenses herein, Charter One does not assume any burden of production, proof, or otherwise with respect to any element or issue as to which the law places such burden on Plaintiffs, and Charter One hereby reserves the right to argue that the burdens with respect to any asserted affirmative defenses rest with Plaintiffs.

9.  The Colorado Securities Act claims asserted by Plaintiff Agile Safety Variable Fund, L.P. are barred because the alleged fraud was not in connection with a purchase or sale of securities.

10. The Colorado Securities Act claims asserted by Plaintiff Agile Safety Variable Fund, L.P. are barred because it made all of its purchases of the securities at issue more than five years prior to commencing this action.

11. Plaintiffs' Colorado Securities Act claims are barred because there was no offer or sale of securities within the state of Colorado.

12. Plaintiffs' Colorado Securities Act claims are barred because Charter One neither sold securities to Plaintiffs, conspired with someone who did, nor both knew of and substantially assisted another's fraud against Plaintiffs.

13. The negligent misrepresentation claim asserted by Plaintiff Sky Bell Select LP is barred because the information allegedly supplied by Charter One was not for the guidance of Sky Bell Select LP.

14. Charter One's alleged conduct was not the cause-in-fact of Plaintiffs' alleged injuries.

15. Charter One's alleged conduct was not the proximate cause of Plaintiffs' alleged injuries.

16. Plaintiffs did not reasonably or justifiably rely on Charter One's alleged representations.

17. The claims are barred as a matter of law because Charter One owed no duty, fiduciary or otherwise, to Plaintiffs.

18. The claims are barred by the doctrines of "unclean hands," *in pari delicto*, imputation, laches, estoppel, waiver, contributory negligence, and comparative fault.

19. Any injury, damage, or loss was caused, in whole or in part, by the acts or omissions of Petters, Bell, Plaintiffs, and others identified in Defendants' Notice of Non-Parties at Fault dated June 1, 2010 (Docket No. 85); the claims are therefore barred in whole or in part pursuant to Colo. Rev. Stat. § 13-21-111.5 and otherwise.

20. Any liability for claims against Charter One is limited by the degree or percentage of negligence or fault of any Plaintiff or co-defendant in this action.

21. The claims are barred because the alleged injuries were not caused, legally, proximately, or otherwise, by Charter One, but rather were caused by Petters', Bell's, Lancelot's, Plaintiffs', and their manager's and other agents' own conduct, or other independent, intervening, and superseding causes.

22. Plaintiffs are not entitled to, and fail to state a claim for, compensatory damages, rescissionary damages, benefit of the bargain damages, exemplary or punitive damages, disgorgement, avoidance, preservation, recovery, interest, costs, forum fees, attorney's fees, expert fees, witness fees, or any other fees.

23. Any and all conduct of Charter One was justified and was not likely to mislead, coerce, or cause damage or injury to Plaintiffs.

24. To the extent that any damages were incurred, such damages resulted from the acts or omissions of one or more other parties over which Charter One had no control and for which Charter One is not legally responsible.

25. Plaintiffs are not entitled to double recovery.

26. The claims sought to be pursued here are void as against public policy.

27. Plaintiffs' claims are barred by statute of limitations.

28. Plaintiffs' claims are barred by the doctrine of assumption of risk.

## **RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

Charter One has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent. Charter One reserves the right to amend or seek to amend its answer and/or affirmative defenses.

WHEREFORE, Defendant RBS Citizens, N.A. requests that this Court enter judgment in its favor against each of the Plaintiffs on each of the claims, and that RBS Citizens, N.A. be awarded costs and such other and further relief as this Court deems just and proper.

Dated this 14th day of June, 2011.                Respectfully submitted,

/s Eric A. Bensky
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street NW, Suite 850
Washington, DC  20005
Telephone:  202-729-7470
E-Mail:  howard.schiffman@srz.com
E-Mail:  eric.bensky@srz.com

David A. Zisser
Davis, Graham & Stubbs LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
Telephone:  303-892-9400
Email:  david.zisser@dgslaw.com

Counsel for Defendant RBS Citizens, N.A.