IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02786-RBJ-BNB

Agile Safety Variable Fund, L.P. and Sky Bell Select LP,

    Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank, et al.,

    Defendants.

_____

### RBS CITIZENS, N.A.'S EXPEDITED MOTION TO SET THE DEPOSITION OF NEAL GREENBERG AND SHORTEN RESPONSE TIMES FOR SUPPLEMENTAL DISCOVERY REQUESTS
_____

        Defendant RBS Citizens, N.A. d/b/a Charter One ("Charter One"), by and through its undersigned counsel, hereby moves for an order setting the deposition date of Neal Greenberg and shortening the 30-day response times provided for in Fed. R. Civ. P. 33, 34, and 36 for the supplemental discovery provided for in this Court's Order of September 2, 2011 ("Sept. 2 Order") (Doc. No. 240).  As detailed below, counsel for Charter One has made reasonable, good faith efforts to resolve the disputed matters.[1]  Due to the time sensitivity of the relief sought, Charter One respectfully requests an expedited briefing schedule for this straightforward motion, and suggests that Plaintiffs' response be due Friday, September 30, 2011.  Plaintiffs have known of Charter One's intent to file a motion to expedite discovery if needed since September 21, 2011.

---

[1]    Charter One's attempts to confer are reflected in the Declaration in Support of RBS Citizens, N.A.'s Motion for Expedited Discovery Schedule ("Decl.") as Ex. M.

## Introduction

Promptly utilizing the supplemental discovery granted to it by this Court on September 2, 2011, Charter One sought and obtained Plaintiffs' agreement to expedite discovery only to have Plaintiffs backpedal and stall in the hopes of overturning the Sept. 2 Order before providing any additional discovery material. Charter One's requests asked for the same information it has asked for many times over the last 14 months - buy-sell information for Lancelot -- to reveal what purchases, if any, were made by Plaintiff Agile Safety Variable Fund, L.P. after alleged misrepresentations by Charter One in July 2007. Plaintiffs objected to the Sept. 2 Order arguing, *inter alia*, that it was delaying trial. (Doc. No. 228 at 2.) They agreed to answer discovery requests within 10 days if their Objections to the Sept. 2 Order were overruled, but when informed that discovery was not stayed by their pending objections they backtracked. Plaintiffs have not moved to stay discovery, but instead passive aggressively declined to move forward on the agreed-to expedited basis. Plaintiffs' desire for haste in this proceeding by everyone but themselves is frustrating Charter One's rightfully-granted supplemental discovery.

Plaintiffs have still not responded to Charter One's attempt to confer about the deposition of Neal Greenberg, including, in particular, Charter One's offering of two weeks of available dates at the location of Greenberg's choice. While Charter One regrets needing to bring this motion before this Court, it feels that the history of this case requires it not extend courtesies to Plaintiffs at this time, or otherwise take actions by which Plaintiffs might later accuse it of sitting on its rights. The date and time of the deposition of Greenberg needs to be set, and response times for at least one set of discovery requests needs to be shortened in order to ensure adequate time to serve additional discovery requests after the Greenberg deposition.

**Argument**

Charter One's discovery requests address a fundamental fact of the case -- whether or not Agile Safety Variable Fund, L.P. made purchases of Lancelot after allegedly receiving misrepresentations by Charter One.  Given the finite window of time to complete the supplemental discovery, there is no reason to stall (past the months of stalling Plaintiffs have already taken) on discovery responses.  On March 24, 2011, in opposition to Charter One's Amended Motion for Summary Judgment, Neal Greenberg filed a declaration (Doc. No. 176) asserting purchases and sales of Lancelot that were not previously disclosed in discovery and that in fact are inconsistent with prior discovery responses stating that no purchases occurred after July 2007.

This Court held the "affidavit of Mr. Greenberg is inconsistent -- or at least appears to be inconsistent with other discovery responses previously given" and that "that affidavit constitutes good cause to allow additional discovery to occur"  (Decl. Ex. A at 49-50.)[2]  Granting in part Charter One's motion for sanctions, this Court entered an Order permitting Charter One (i) to serve up to five interrogatories, five requests for production, and five requests for admission; and (ii) to reopen the deposition of Neal Greenberg up to three hours.  The Order requires the discovery, including receipt of responses to written requests, to be completed by November 11, 2011.  (Doc. No. 240.)

Charter One then served three interrogatories, three requests for production, and one request for admission.  These requests asked Plaintiffs to identify and produce documents showing the supposed purchases alluded to in the Greenberg Declaration -- purchases after 2004 via "reinvestments" or a KBC derivative contract, including purchases made after the alleged

---

[2]   A copy of the September 2, 2011 transcript of the proceedings before this Court is attached to the Decl. as Ex. A.

representations of Charter One -- which were the exact purchases "inconsistent" with prior discovery.[3] In a September 12, 2011 letter accompanying the discovery requests, and in light of the November 11, 2011 deadline, Charter One also (i) suggested two weeks of available dates for the supplemental deposition of Neal Greenberg at the location of his choice; and (ii) requested that Plaintiffs respond to its requests within ten (10) days, in advance of the proposed deposition dates of Neal Greenberg.[4]

Shortened discovery makes abundant sense here. The nature and scope of the discovery requests is narrow; the topics of the discovery requests have been briefed at length, Plaintiffs have supposedly been looking for the requested information for months; and Plaintiffs were ordered to produce the information and documents requested last November. To ameliorate the prejudice caused by Plaintiffs' post-discovery submission of the inconsistent Greenberg Declaration in response to its summary judgment motion, Charter One needs to see Plaintiffs' discovery responses before deposing Mr. Greenberg, and to have enough time to send additional requests if needed after his deposition. Moving quickly to complete this outstanding discovery is beneficial to all parties.

Indeed, Plaintiffs agreed that expediting discovery made sense, before backpedaling when they realized their objections would not stall their response time. On September 13, 2011, Plaintiffs' counsel advised that Plaintiffs intended to object to the Sept. 2 Order, and therefore would not agree to respond to the discovery requests within ten days of being served with them. Yet Plaintiffs' counsel also advised that if the objections were not sustained, "we do want to move expeditiously so I don't think getting responses will be an

---

[3] Copies of Charter One's September 12, 2011 discovery requests are attached to Decl. as Exs. B, C, and D.

[4] A copy of the September 12, 2011 letter from Eric A. Bensky to Steven W. Thomas is attached to the Decl. as Ex. E.

...

issue."[5]  On September 14, 2011, Plaintiffs' counsel agreed to shorten discovery response deadlines to 10 days if this Court overrules the objections.[6]  Plaintiffs then filed the objections on September 16, 2011 (Doc. No. 247).  Charter One will file its opposition to the objections, which it believes are wholly without merit, this week.

On September 21, 2011, Charter One advised Plaintiffs that, pursuant to D.C.Colo.L.Civ.R. 30.2, Plaintiffs' objections to a discovery order entered by a Magistrate Judge do not stay the discovery to which the order is directed.  Parties wishing to stay such an order need to move separately for a stay of the discovery upon a showing of good cause.  Charter One asked Plaintiffs to honor the expedited schedule agreed upon if the objections were overruled, in order to avoid needing to seek redress from this Court.[7]  Plaintiffs responded only to ask if they were required by the Sept. 2 Order to move on an expedited schedule.[8]  Charter One responded that the Sept. 2 Order did not require an expedited schedule, but that it would file a motion asking for an expedited response schedule if Plaintiffs would not agree to one outside of their objections being overruled.[9]

Receiving no response, Charter One wrote again to Plaintiffs on September 23, 2011 to advise that it intended to move to compel if it did not receive a response by Monday,

---

[5] A copy of the September 13, 2011 email from Steven Thomas to Eric Bensky is attached to the Decl. as Ex. F.

[6] A copy of the September 14, 2011 email exchange between Eric Bensky and Steven Thomas is attached to the Decl. as Ex. G.

[7] A copy of the 11:30 am September 21, 2011 email from Eric Bensky to Steven Thomas is attached to the Decl. as Ex. H.

[8] A copy of the September 21, 2011 email from Steven Thomas to Eric Bensky is attached to the Decl. as Ex. I.

[9] A copy of the 12:37 pm September 21, 2011 email from Eric Bensky to Steven Thomas is attached to the Decl. as Ex. J.

September 26, 2011, lest it be accused of sitting on its rights.[10] On Monday, September 26, 2011, without explaining why they were unwilling to move forward on a shortened schedule as earlier agreed, Plaintiffs said they would respond within the time allotted by the federal rules and, in a statement eerily similar to the sort of statements they made to Charter One and this Court for months with no results, that they were "working on it."[11] Charter One responded that it was disappointed with Plaintiffs' answer given their previous desire to move expeditiously and Plaintiffs' lack of explanation for why 30 days is an appropriate period for response when 10 days was agreeable and desired by both parties earlier.[12] The only plausible explanation for this change of heart is that Plaintiffs realized that their meritless objections, standing alone, would not slow or stay the discovery granted by this Court, and that they lacked the good cause required to seek a stay. See D.C.Colo.LCivR 30.2; Nau Holdings, LLC v. Dlorah, Inc., No. 08-cv-02743-CMA-BNB, 2010 U.S. Dist. LEXIS 95177, at *3 (D. Colo. Aug. 20, 2010).

Without an automatic stay or good cause, Plaintiffs have simply taken to feet-dragging instead of moving expeditiously as earlier agreed. Charter One does not wish to intrude on the prerogative of the Court to entertain briefing and rule on Plaintiffs' objections, but the local rules and decisions of this Court require the parties to continue pursuing discovery while such objections are outstanding. All parties would benefit from quickly resolving the outstanding discovery issues and finalizing the record for trial.

To complete all necessary discovery by November 11, 2011, Charter One respectfully requests that this Court Order the deposition of Neal Greenberg in Denver, Colorado

---

[10] A copy of the September 23, 2011 email from Eric Bensky to Steven Thomas is attached to the Decl. as Ex. K.

[11] A copy of the September 26, 2011 email from Steven Thomas to Eric Bensky is attached to the Decl. as Ex. L.

[12] A copy of the September 26, 2011 email from Eric Bensky to Steven Thomas is attached to the Decl. as Ex. M.

on October 6, 2011 at 10:00 am, and order responses to Charter One's September 12 discovery requests be served via electronic mail no later than October 3, 2011.[13]

Dated this 27th day of September, 2011.          Respectfully submitted,

/s/ Howard Schiffman
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street N.W. Suite 850
Washington, D.C. 20015
Telephone: (202) 729-7470
Facsimile: (202) 730-4520
E-Mail:  howard.schiffman@srz.com
E-Mail:  eric.bensky@srz.com
*Counsel for Defendant RBS Citizens, N.A.*

---

[13] If an alternative date is necessary, Charter One requests an Order setting the deposition of Neal Greenberg in Denver, Colorado on October 13, 2011 at 1:00 pm, order responses to Charter One's September 12, 2011 discovery requests be served via electronic mail no later than October 10, 2011, and order that the response time permitted for any discovery requests served thereafter under Fed. R. Civ. P. 33, 34, or 36 be limited to ten days.

## Certificate of Service

I hereby certify that on this 27th day of September, 2011, I electronically filed RBS Citizens, N.A.'s Expedited Motion to set the Deposition of Neal Greenberg and Shorten Response Times for Supplemental Discovery Requests with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to each of the following:

| Plaintiffs' Attorneys: | Attorneys for Swiss Financial Services, Inc.: |
|---|---|
| Steven W. Thomas<br>Thomas, Alexander & Forrester LLP<br>14-27th Ave<br>Venice, CA 90291<br>steven.thomas@tafattorneys.com | Robert B. Christie<br>Henderson & Lyman<br>175 West Jackson Blvd, Suite 240<br>Chicago, IL 60604<br>rchristie@henderson-lyman.com |
| Steven M. Feder<br>Feder Law Firm<br>730 17th Street, Suite 550<br>Denver, CO 80202<br>steve@federlawfirm.com | Holly Stein Sollod<br>Brooke Harrison McCarthy<br>Holland & Hart LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202<br>hsteinsollod@hollandhart.com<br>bhmccarthy@hollandhart.com |

/s Eric A. Bensky
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street N.W., Suite 850
Washington, DC  20005
Telephone:  202-729-7470
E-Mail:  howard.schiffman@srz.com
E-Mail:  eric.bensky@srz.com

Counsel for Defendant RBS Citizens, N.A.