IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:09-cv-02786-RBJ-BNB

Agile Safety Variable Fund, L.P. and Sky Bell Select LP,

    Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank, and Swiss Financial Services, Inc.,

    Defendants.

# JOINT STATUS REPORT

**A.    Identification of All Counsel**

    **Steven W. Thomas**
    **Emily Alexander**
    **Mark Forrester**
    Thomas, Alexander & Forrester LLP
    14 27th Avenue
    Venice, CA 90291
    Tel:  (310) 961-2536
    Fax:  (310) 526-6852
    Email:  steventhomas@tafattorneys.com
    Email:  emilyalexander@tafattorneys.com
    Email:  markforrester@tafattorneys.com

    **Steven Feder**
    **Barry Boughman**
    Feder Law Firm
    730 17th Street, Suite 550
    Denver, CO  80202
    Tel:  (303) 221-5599
    Fax:  (303) 221-7357
    Email:  steve@federlawfirm.com
    *Attorneys for Agile Safety Variable Fund, L.P.*
    *and Sky Bell Select L.P.*

2

**Howard Schiffman**
**Eric A. Bensky**
Schulte Roth & Zabel LLP
1152 Fifteenth Street, N.W.
Washington, DC  20005
Tel:  (202) 729-7470
Fax:  (202) 730-4520
Email:  Howard.Schiffman@srz.com
Email:  Eric.Bensky@srz.com

**David Zisser**
Davis, Graham & Stubbs LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
Tel:  (303) 892-7256
Fax:  (303) 893-1379
Email:  david.zisser@dgslaw.com
*Attorneys for RBS Citizens, N.A.*

**Robert B. Christie**
Henderson & Lyman
175 West Jackson Boulevard, Suite 240
Chicago, IL  60604
Tel:  (312) 986-6957
Fax:  (312) 986-6961
Email:  rchristie@henderson-lyman.com

**Holly Stein Sollod**
**Brooke Harrison McCarthy**
Holland & Hart
555 17th Street, Suite 3200
Denver, CO  80202
Tel:  (303)-295-8085
Fax:  (303)-975-5395
Email:  hsteinsollod@hollandhart.com
*Attorneys for Swiss Financial Services, Inc.*

**B.     Nature of the Case**[1]

*Plaintiffs' brief summary of the nature of claims:*

1.     Plaintiffs assert Colorado Securities Act, negligence and negligent misrepresentation claims against Defendants RBS Citizens, N.A. d/b/a Charter One Bank ("Charter One") and Swiss Financial Services ("Swiss Financial").  Plaintiffs are investment funds.  The majority of Plaintiff Agile Safety Variable Fund, L.P.'s underlying investors are Colorado retirees, many of whom lost their life savings due to Defendants' negligence.

2.     Plaintiffs invested in Lancelot Investors Funds ("Lancelot").  Lancelot purported to finance the sale of excess electronics inventory to big box retailers like Costco, but in fact, there was no inventory and the transactions were fake.

3.     Defendant Charter One was Lancelot's bank.  Lancelot was Charter One's largest client and Charter One made substantial fees from Lancelot.  Defendant Charter One's own examiners urged it to do asset based due diligence and to review shipping records to ensure that the inventory actually existed.  Senior management at Charter One refused to verify the assets, but then misrepresented to Plaintiffs that such asset-based due diligence was occurring.  In fact, the inventory did not exist.  Moreover, the fake transactions flowed through Charter One's bank accountants and its own records demonstrated the transactions were fake.

4.     Defendant Swiss Financial was Lancelot's administrator.  Swiss Financial maintained the financial books and records of Lancelot's fake transactions and monitored the bank accountants through which the money flowed at Charter One.  Swiss Financial represented to Plaintiffs that there were "[n]o issues with funny money movement" at Lancelot."  This representation was false.

---

[1]     In submitting this Joint Status Report, neither side concedes the accuracy of the other's summaries of the claims, defenses, or principal legal and factual issues in the case.

*Plaintiffs' brief summary of the principal legal and factual issues in the case:*

5. On May 31, 2011, The Honorable William J. Martinez denied in all respects Defendants' Motions for Summary Judgment and Defendants' Motions to Dismiss. *See* Opinion and Order on Motions to Dismiss and for Summary Judgment [Dkt: 215] (the "SJ Order"). The principal legal issues therefore have been resolved as follows, with the following factual issues to be decided by the jury:

   a. Colorado law applies to the claims. *See* SJ Order at 9-10.

   b. Diversity jurisdiction exists, which was not contested. *See id.* at 11.

   c. Plaintiffs have standing to bring their claims. *See id.* at 14-16.

   d. Admissible evidence creates a genuine issue of material fact whether Plaintiff Sky Bell was formed to invest in Lancelot, and Plaintiff Agile maintained its investments, continued to invest and reinvested in Lancelot, based on Defendants' misrepresentations. *See id.* at 15-16.

   e. Plaintiffs' negligent misrepresentation claim states a claim as a matter of law and presents issues of fact for the jury to decide. *See id.* at 12, 16-17.

   f. Plaintiffs' negligence claim states a claim as a matter of law and presents issues of fact for the jury to decide. *See id.* at 12, 17-18.

   g. Plaintiffs' Colorado Securities Act claim states a claim as a matter of law and presents issues of fact for the jury to decide. *See id.* at 12, 18-19.

   h. Plaintiffs' so-called "holder claims" for securities—that Plaintiff Agile maintained its investments based on the misrepresentations of Defendants— state a claim under Colorado law. *See id.* at 19-21.

      i. Defendants' defense that the Colorado Securities Act claim should be dismissed because Defendants are not "sellers" fails as a matter of law. *See id.* at 21.

      j. Issues of fact concerning Defendants' statute of limitations defense must go to the jury. *See id.* at 21-22.

*Defendants' brief summary of the nature of their defenses:*

1.    Defendants are a bank and hedge fund administrative services company that had no relationship whatsoever with Plaintiffs, which were professionally managed hedge funds that invested in other hedge funds, including Lancelot Investors Fund, LP and Lancelot Investors Fund II, LP (collectively, "Lancelot"), which, in turn, invested virtually all their assets in notes issued by a purported consumer electronics brokerage business run by Thomas J. Petters. In September 2008, an FBI search warrant revealed that Petters' business was actually a multi-billion-dollar Ponzi scheme for which Petters and others have since been imprisoned. That revelation demonstrated that Plaintiffs' investments in Lancelot had long been worthless (as well as that the bank's more than $40 million of loans to Lancelot were uncollectible). Plaintiffs now sue Defendants to recover losses from Plaintiffs' Lancelot investments, notwithstanding that Defendants never made any investment recommendations to either Plaintiff, never communicated with Plaintiff Sky Bell Select LP at all, and had (at most) limited, one-off, gratuitous communications in 2007 (Defendant RBS Citizens, N.A.) and 2005 (Defendant Swiss Financial Services, Inc.) with Plaintiff Agile Safety Variable Fund, L.P., which had already made all $9 million of its Lancelot investments in 2004. All told, Plaintiffs' managers (who had hundreds of millions of dollars in assets under management) caused Plaintiffs and the other hedge funds they advised to invest more than $40 million in Lancelot before communicating

5

with Defendant RBS Citizens, N.A. and more than $20 million before communicating with Defendant Swiss Financial Services, Inc.

2. Defendants assert that neither Plaintiff suffered an injury-in-fact fairly traceable to Defendants' actions, as required for standing, which in turn deprives this Court of subject matter jurisdiction notwithstanding that the parties are diverse. Defendants also assert, <u>inter alia</u>, that Plaintiffs were sophisticated investors and did not rely on any representation made by Defendants, that Defendants did not make any misrepresentations, that Defendants did not owe Plaintiffs any duty that could be the basis for a legal claim, and that Defendants did not cause Plaintiffs' alleged losses.

*Defendants' brief summary of the principal legal and factual issues in the case:*

3. In addition to certain issues previously decided by the Court that are preserved for appeal, the principal legal and factual issues in the case include: (a) whether Plaintiffs have standing; (b) whether Defendants were negligent; (c) whether Defendants made any misrepresentations, (d) whether the alleged misrepresentations were material; (e) whether Defendants negligently, recklessly and/or intentionally made misrepresentations; (f) whether Defendants provided any information for the guidance of Plaintiff Sky Bell Select LP, (g) whether Defendants owed Plaintiffs a duty; (h) whether Plaintiffs justifiably relied on any representations by Defendants; (i) whether Defendants' alleged misconduct caused Plaintiffs any damages (and, if so, in what amounts); (j) whether there is a jurisdictional nexus for the Colorado Securities Act claims; (k) whether Plaintiffs' Colorado Securities Act claims are time-barred; (l) whether Defendants sold securities to Plaintiffs or conspired with or knowingly provided substantial assistance to anyone who did; (m) whether Plaintiff Agile Safety Variable Fund, L.P. was a purchaser or seller of Lancelot; (n) whether Plaintiff Agile Safety Variable Fund, L.P.'s

claims are in connection with the purchase or sale of a security; and (o) the extent to which Defendants' percentage or degree of liability, if any, is limited under Colorado law by any or all of multiple non-parties at fault, including Plaintiffs' managers, Lancelot, Lancelot's managers, Petters, and Petters' accomplices.[2]

**C.    Proceedings to Date**

    1.    Substantive Rulings

March 30, 2010 Order granting Defendants' Motion to Stay Discovery.

May 5, 2010 Order granting Plaintiffs' Motion to Lift Stay of Discovery.

August 19, 2010 Order extending discovery cut off to October 29, 2010 and dispositive motion deadline to November 29, 2010.

September 8, 2010 Protective Order covering the parties' discovery entered.

November 4, 2010 Order on RBS Citizens, N.A.'s Motion to Compel Requested Discovery from Plaintiffs and Certain Affiliated Third Parties, granting in part and denying in part the motion.

November 17, 2010 Order granting Plaintiffs' Motion to Compel Requested Discovery from Defendant RBS Citizens, N.A.

November 22, 2010 Order extending discovery cut off to December 15 and dispositive motion deadline to January 31, 2011.

January 31, 2011 Order denying Joint Motion to Extend Dispositive Motion and Discovery Deadlines.

February 2, 2011 Order denying Defendants' Unopposed Emergency Motion to Reconsider Order Denying Joint Motion to Extend Dispositive Motion and Discovery Deadlines.

---

[2]    None of these issues were resolved by the May 31, 2011 Opinion and Order denying Defendants' motions to dismiss and for summary judgment; that Opinion and Order, construing the complaint and the record in the light most favorable to Plaintiffs, ruled only that the complaint was not subject to dismissal for failure to state a claim upon which relief can be granted and that genuine issues of material fact exist as to whether Plaintiffs can establish standing and the required elements of their claims. Nor were any other issues conclusively resolved by the interlocutory order.

March 3, 2011 Order granting Defendants' Motion for Leave to File Summary Judgment Motion.

March 3, 2011 Order overruling as moot Defendants' Objections to the Magistrate Judge's Orders Denying Joint Motion to Extend Dispositive Motion Deadline.

March 3, 2011 Order granting leave to Defendant Swiss Financial Services, Inc. to file a one-page joiner to Defendant RBS Citizens N.A.'s Amended Motion for Summary Judgment.

April 18, 2011 Order denying Plaintiffs' Motion to Strike Defendant Swiss Financial Services, Inc.'s Reply in Support of its Amended Motion for Summary Judgment.

April 25, 2011 Order denying Defendants' Motion to Strike Plaintiffs' Declarations Regarding Brief in Opposition to Defendants' Motion for Summary Judgment, and denying Defendants' respective motions objecting to the court's personal jurisdiction over the Defendants.

May 31, 2011 Order denying Defendants' Motions to Dismiss the Amended Complaint and Motions for Summary Judgment.

June 6, 2011 Order setting due date for Proposed Pretrial Order for July 18, 2011 and Final Pretrial Conference for July 25, 2011.

July 12, 2011 Order setting due date for Proposed Pretrial Order for July 19, 2011 and resetting Final Pretrial Conference for July 26, 2011.

July 26, 2011 Order rejecting Proposed Pretrial Order and setting due date for revised Proposed Pretrial Order for August 22, 2011 and scheduling a Supplemental Pretrial Conference for August 26, 2011.

August 26, 2011 Order rejecting Proposed Pretrial Order and setting the due dates for a revised Proposed Pretrial Order as September 9, 2011 and for the exchange of exhibits as September 30, 2011. Objections to the exhibits to be filed on or before October 21, 2011.

September 2, 2011 Order granting in part and denying in part Defendants' Motion for Sanctions against Plaintiffs for Failure to Comply with Court Order.

September 12, 2011 Order setting due date for Proposed Pretrial Order for December 1, 2011 and scheduling Final Pretrial Conference for December 8, 2011.

September 28, 2011 Order denying Defendants' Motion to Expedite Setting the Deposition of Neal Greenberg and Shortening Response Times for Supplemental Discovery Requests.

2. Pending Motions:

On September 16, 2011, Plaintiffs filed objections to Magistrate Judge Boland's September 2, 2011 Order granting in part and denying in part Defendants' Motion for Sanctions Against Plaintiffs for Failure to Comply with Court Order and September 12, 2011 Order Postponing Final Pretrial Conference. Defendant RBS Citizens, N.A. filed a response to Plaintiffs' objections on September 30, 2011.

**D.  Final Trial Preparation Conference and Trial**

1. The Final Pretrial Conference is currently scheduled for December 8, 2011.

2. No trial date has been set.

**E.  Settlement**

The parties have discussed settlement and the parties believe there is no chance of

settlement before trial.

**F.  Other Matters**

No other matters need to be raised at this time.

Dated:  October 13, 2011                                Respectfully submitted,

 */s/ Steven W. Thomas*                                              */s/ Howard Schiffman*
Steven Thomas, Esq.                                     Howard Schiffman, Esq.
Thomas, Alexander & Forrester LLP                       Eric Bensky, Esq.
14 27th Avenue                                        Schulte Roth & Zabel LLP
Venice CA 90291                                         1152 15th Street N.W. Suite 850
Telephone:  (310) 961-2536                              Washington, D.C. 20015
Facsimile:  (310) 526-6852                              Telephone:  (202) 729-7470
Email:  steventhomas@tafattorneys.com                   Facsimile:  (202) 730-4520
Attorney for Plaintiffs                                 Email:  Howard.Schiffman@srz.com
                                                        Email:  Eric.Bensky@srz.com
                                                        Attorneys for Defendant RBS Citizens, N.A.

_/s/ Robert B. Christie_
Robert B. Christie, Esq.
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, IL 60604
Telephone: (312) 986-6957
Facsimile: (312) 986-6961
Email: rchristie@Henderson-Lyman.com
Attorney for Defendant Swiss Financial Services, Inc.