IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02786-RBJ-BNB

AGILE SAFETY VARIABLE FUND, L.P. and
SKY BELL SELECT LP,

    Plaintiffs,

v.

RBS CITIZENS, N.A. d/b/a CHARTER ONE BANK, et al.,

    Defendants.

---

MOTION FOR LEAVE TO FILE
RBS CITIZENS, N.A.'S RENEWED MOTION FOR SUMMARY JUDGMENT

---

        RBS Citizens, N.A. d/b/a Charter One ("Charter One") hereby moves for leave to file the Renewed Motion for Summary Judgment provisionally submitted herewith, and, in support thereof, avers as follows.[1]

        1.    In the above-captioned action, Plaintiffs, professionally managed hedge funds Agile Safety Variable Fund, L.P. ("ASVF") and Sky Bell Select LP, seek to recover losses they allegedly suffered on their investments in hedge fund Lancelot Investors Partners, L.P., which turned out to be part of a Ponzi scheme run by Minnesota businessman Thomas J. Petters that rendered the interests of Lancelot's investors worthless.

---

[1] Pursuant to D.C.COLO.LCivR 7.1A and this Court's Practice Standards, Charter One's counsel conferred with Plaintiffs' counsel by telephone on December 12, 2011. Plaintiffs' counsel advised that they disagree with Charter One's position and will file an opposition.

2.     Charter One is a commercial bank with which Lancelot and related funds had a banking relationship involving lines of credit and various depository accounts (which ultimately caused Charter One to lose more than $40 million because the Lancelot funds defaulted on their loans).  Charter One had no relationship with Plaintiffs; nevertheless, Plaintiffs claim that they relied on certain alleged misrepresentations by a Charter One employee concerning the level of due diligence Charter One applied to Lancelot.

3.     Plaintiffs admitted in written discovery during summer and fall 2010 that ASVF made all its investments in Lancelot during 2004, and that Charter One's alleged misrepresentations concerning Lancelot were not made before July 2007, i.e., three years after ASVF's investments in Lancelot.

4.     On February 28, 2011, Charter One moved for summary judgment (Docket No. ("Dkt.") 166), arguing, inter alia, that the admitted three-year gap between ASVF's investments and its alleged communications with Charter One prevented ASVF from proving the required elements of injury-in-fact, causation, and reliance.

5.     Plaintiffs' opposition to summary judgment included a declaration from ASVF's professional manager, Neal Greenberg, that was carefully crafted to imply, contrary to Plaintiffs' earlier responses to written discovery, that ASVF actually made further investments after Charter One's alleged July 2007 representations.  Specifically, the declaration implied (i) that ASVF "reinvested" reported (but fictitious) returns on its original investments every month, and (ii) that ASVF invested in a "derivative contract" offered by a financial institution known as "KBC" that included interests in Lancelot.  (Dkt. No. 176 ¶¶ 2, 13.)

6. In an Opinion and Order dated May 31, 2011, the Honorable William J. Martinez (who was then presiding over this proceeding) concluded that the implications in Mr. Greenberg's declaration were sufficient to create "issues of fact" regarding the timing of ASVF's investments that precluded summary judgment. (Dkt. 215 at 15-16, 18, 20-21, 22.)

7. Because Plaintiffs had produced no documents in discovery that would have supported the facts suggested by Mr. Greenberg's declaration, despite having previously been ordered to produce documents that would have reflected such facts, Charter One moved under Fed. R. Civ. P. 37 for additional discovery relating to the declaration's belated assertions. Magistrate Judge Boland found that "the affidavit of Mr. Greenberg is inconsistent -- or at least appears to be inconsistent with other discovery responses previously given," and ruled that "the affidavit constitutes good cause to allow additional discovery to occur." (Dkt. Dkt. 260-25 at 49-50.) He therefore ordered supplemental discovery into Mr. Greenberg's assertions. (Dkt. 240.)

8. The supplemental discovery, which concluded on November 11, 2011, revealed that there are no "issues of fact" after all because it showed that ASVF made no investments in Lancelot following Charter One's alleged July 2007 representations. Plaintiffs and Mr. Greenberg admitted (a) that ASVF put no money into KBC after 2006 and they know of no investments by KBC in Lancelot at all, and (b) that ASVF did not otherwise put money into Lancelot after July 2007, as ASVF's asserted monthly "reinvestments" in Lancelot were nothing more than ASVF's share of Lancelot's purported increased net asset value each month from interest that Lancelot supposedly made on its loans to Petters, which Greenberg admitted was not really earned by Lancelot because the claimed interest was false at the time.

9. The supplemental discovery has thus clarified Mr. Greenberg's declaration and demonstrated that there is no genuine factual dispute that ASVF made no investments after its communication with Carter One, and that Charter One is entitled to judgment as a matter of law under Fed. R. Civ. P. 56(a). Therefore, Charter One seeks leave to renew its summary judgment motion with respect to ASVF.

10. In light of the facts described above, several grounds support granting the requested leave.

   a. First, the standard time for submitting motions for summary judgment is within 30 days after the close of all discovery, see Fed. R. Civ. P. 56(b), and this motion and the provisional renewed summary judgment motion accompanying it are each being submitted timely under that standard insofar as the supplemental discovery period ended on November 11, 2011.

   b. Second, but for ASVF's submission of the artfully crafted declaration of Mr. Greenberg in an effort to create issues of fact that would enable ASVF to avoid summary judgment despite its admissions during written discovery, the dispositive legal issues concerning ASVF's claims would have been resolved on Charter One's earlier summary judgment motion. Plaintiffs should not be rewarded for having obfuscated the critical facts.

   c. Third, the actual facts, as now established through supplemental discovery, demonstrate that ASVF lacks constitutional standing against Charter One because it necessarily did not suffer any "injury in fact . . . fairly traceable to the challenged action of the defendant," as required to confer standing. Bronson v. Swensen, 500 F.3d 1099, 1106, 1109 (10th Cir. 2007) (internal quotation marks omitted). As the U.S. Supreme Court has explained,

"[t]he question of standing is not subject to waiver," United States v. Hays, 515 U.S. 737, 742 (1995), because it "represents a jurisdictional requirement which remains open to review at all stages of the litigation," Nat'l Org. for Women v. Scheidler, 510 U.S. 249, 255 (1994).

        d.       Finally, the ability to reconsider a prior ruling falls within "the court's plenary power to revisit and amend interlocutory orders as justice requires." Ebonie S. ex re. Mary S. v. Pueblo School Dist. 60, Civil Action No. 09-cv-00858-WJM-MEH, 2011 WL 1882829, at *1 (D. Colo. May 17, 2011). The Tenth Circuit has held that the grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). The second and third grounds both apply here. The admissions obtained during the supplemental discovery period are obviously new, and Charter One had no reason to ask the questions that produced them during the original discovery period because Plaintiffs' judicial admissions during that time seemingly resolved any doubt regarding the timing of ASVF's investments, and Plaintiffs did not submit Mr. Greenberg's declaration until several months after the initial discovery period closed. Furthermore, to require Charter One to defend at trial claims that are barred based on the undisputed evidence would impose a manifest injustice that this Court should prevent. Specifically, denial of leave to file its renewed summary judgment motion would severely prejudice Charter One by resulting in the forfeiture of a substantive right -- the right to seek judgment prior to trial on claims that lack factual or legal basis -- without serving any

countervailing interest.[2] There is no specific time frame for requesting a motion for reconsideration, but Charter One notes that it is filing this motion and the provisional renewed summary judgment motion well within the one year maximum under Fed. R. Civ. P. 60's analogous provision for relief from a final judgment or order based on newly discovered evidence. See Fed. R. Civ. P. 60(c).

Accordingly, Charter One respectfully requests leave to file the accompanying renewed motion for summary judgment.

Dated: December 12, 2011

Respectfully submitted,

/s/ Howard Schiffman
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street N.W. Suite 850
Washington, D.C. 20015
Telephone: (202) 729-7470
Facsimile: (202) 730-4520
E-Mail: howard.schiffman@srz.com
E-Mail: eric.bensky@srz.com
*Counsel for Defendant RBS Citizens, N.A.*

---

[2] The U.S. Supreme Court has explained that the ability to seek summary judgment under Fed. R. Civ. P. 56 "is properly regarded not as a disfavored procedural shortcut," but instead "must be construed with due regard . . . for the rights of persons opposing . . . claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Thus, "Rule 56 is not merely a dilatory or technical procedure; it affects the substantive rights of the litigants." 10A Wright & Miller, Federal Practice and Procedure § 2712 at 212 (2d ed. 1997).

**Certificate of Service**

I hereby certify that on this 12th day of December, 2011, I electronically filed the Motion for Leave to File RBS Citizens, N.A.'s Renewed Motion for Summary Judgment with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to each of the following:

Plaintiffs' Attorneys:

    Steven W. Thomas
    Thomas, Alexander & Forrester LLP
    14-27th Ave
    Venice, CA 90291
    steven.thomas@tafattorneys.com

    Steven M. Feder
    Feder Law Firm
    730 17th Street, Suite 550
    Denver, CO 80202
    steve@federlawfirm.com

Attorneys for Swiss Financial Services, Inc.:

    Robert B. Christie
    Henderson & Lyman
    175 West Jackson Blvd, Suite 240
    Chicago, IL 60604
    rchristie@henderson-lyman.com

    Holly Stein Sollod
    Brooke Harrison McCarthy
    Holland & Hart LLP
    555 17th Street, Suite 3200
    Denver, CO 80202
    hsteinsollod@hollandhart.com
    bhmccarthy@hollandhart.com

/s Eric A. Bensky
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street N.W., Suite 850
Washington, DC 20005
Telephone: 202-729-7470
E-Mail: howard.schiffman@srz.com
E-Mail: eric.bensky@srz.com

Counsel for Defendant RBS Citizens, N.A.