# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-02786-MSK-BNB

Agile Safety Variable Fund, L.P. and Sky Bell Select LP,

    Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank, et al.,

    Defendants.

**PLAINTIFFS' RESPONSES TO DEFENDANT'S**
**FIFTH SET OF INTERROGATORIES**

Plaintiffs Agile Safety Variable Fund L.P. and Sky Bell Select LP ("Agile" or "Plaintiffs") hereby submit the following response to Defendant RBS Citizens, N.A. ("Charter One") Fifth Set of Interrogatories to Plaintiffs.

**GENERAL OBJECTIONS**

The following objections shall apply to each individual interrogatory and shall have the same force and effect as if set forth in full in the response to each specific interrogatory below:

1.    Plaintiffs object to the Interrogatories, and the definitions and instructions therein, to the extent that they seek to impose any obligations beyond those provided by the Federal Rules of Civil Procedure or any other applicable law.

2.    Plaintiffs object to the Interrogatories, and the definitions and instructions therein, to the extent that they seek information or documents that are irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

3. In responding to the Interrogatories, Plaintiffs do not concede that any of the information provided is relevant or material to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs reserve the right to object to the admissibility at trial of any of the information or documents produced in response to these Interrogatories.

4. Plaintiffs object to the Interrogatories, and the definitions and instructions therein, to the extent that they seek information or documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other privilege or immunity from discovery. Inadvertent disclosure of any such privileged information shall not constitute a waiver of any applicable privilege or any other ground for objecting to discovery with respect to such privileged information. Plaintiffs reserve the right to demand that Charter One return any such document, and all copies thereof, and that Charter One return or destroy any materials that contain information derived from any such document.

5. Plaintiffs object to the Interrogatories, and the definitions and instructions therein, to the extent that they seek information or documents that are confidential, non-public, competitively sensitive business information, financial data, or proprietary knowledge.

6. Plaintiffs object to the Interrogatories, and the definitions and instructions therein, to the extent that they seek information or documents outside the custody, possession, or control of Plaintiffs.

7. Plaintiffs object to the Interrogatories, and the definitions and instructions therein, to the extent that they state a legal conclusion, or assume or appear to assume that any fact, event

or assumption is true.  By responding to any such Interrogatory, Plaintiffs do not concede the correctness of any such conclusion or assumption.

8.      Plaintiffs have made a good faith effort to respond to each interrogatory in a timely manner.  Plaintiffs' responses herein are necessarily based solely on the information that is available to Plaintiffs on the date of this response.  Plaintiffs reserve the right to amend, supplement, or withdraw any response or objection to the Interrogatories as it deems necessary or appropriate in light of information or knowledge obtained as discovery progresses in this action.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify the dates and amounts of any cash transfers or other investments from, by, or on behalf of Agile Safety Variable Fund, L.P. to, in, or with KBC.

**RESPONSE TO INTERROGATORY NO. 1**:

In addition to the objections set forth above, Plaintiffs object to this interrogatory as vague and ambiguous as to "other investments," "from, by or on" and "to, in or with," various permutations of which cannot be read sensibly.  Furthermore, Plaintiffs filed timely objections to the Magistrate Judge's 9/20/11 Order reopening discovery (Dkt. 240), which are now pending.  (Dkt. 247.)  If the District Judge vacates the Magistrate Judge's 9/20/11 Order, any discovery produced by Plaintiffs in response to the Order is not in evidence, shall be stricken and null and void.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs made no investments in KBC.

**INTERROGATORY NO. 2**:

Identify the dates and amounts of any subscription, purchase, contribution, investment, reinvestment, redemption, sale, or divestment in, of, or from Lancelot by KBC for the benefit of or relating to Plaintiff Agile Safety Variable Fund, L.P.

**RESPONSE TO INTERROGATORY NO. 2**:

In addition to the objections set forth above, Plaintiffs object to this interrogatory as vague and ambiguous and, because of its heavily compounding, indecipherable and outside the limitations of the federal rules and the Court's orders.  Furthermore, Plaintiffs filed timely objections to the Magistrate Judge's 9/20/11 Order reopening discovery (Dkt. 240), which are now pending.  (Dkt. 247.)  If the District Judge vacates the Magistrate Judge's 9/20/11 Order, any discovery produced by Plaintiffs in response to the Order is not in evidence, shall be stricken and null and void.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs are not aware of investments in Lancelot by KBC on behalf of Agile Safety Variable Fund, L.P.

Dated:  November 7, 2011            */S/ Steven W. Thomas*

Steven W. Thomas, Esq.
THOMAS, ALEXANDER & FORRESTER LLP
14 27th Avenue
Venice, California 90291
Telephone:  (310) 961-2536
Facsimile:  (310) 526-6852
Email:  steventhomas@tafattorneys.com

Steven M. Feder, Esq.
FEDER LAW FIRM
730 17th Street, Suite 550
Denver, Colorado  80202
Telephone:  (303) 221-5599
Facsimile:  (303) 221-7357
Email:  steve@federlawfirm.com

ATTORNEYS FOR PLAINTIFFS

*Certificate of Service*

I hereby certify that on November 7, 2011, I served the foregoing Plaintiffs' Responses to Defendant's Fourth Set of Interrogatories, pursuant to Federal Rule of Civil Procedure 26 to the following by Email and U.S. Mail:

Howard Schiffman
Schulte Roth & Zabel LLP
1152 15th Street N.W., Suite 850
Washington, D.C. 20015

David A. Zisser
Davis, Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202

Eric A. Bensky, Esq.
Schulte Roth & Zabel LLP
1152 Fifteenth Street, NW, Suite 850
Washington, DC 20005
Attorneys for Defendant RBS Citizens, NA

Robert B. Christie
Henderson & Lyman
175 West Jackson, Suite 240
Chicago, Illinois 60604
Attorneys for Defendant Swiss Financial Services, Inc.

/S/ Steven W. Thomas
Steven W. Thomas, Esq.
THOMAS, ALEXANDER & FORRESTER LLP
14 27th Avenue
Venice, California 90291
Telephone: (310) 961-2536
Facsimile: (310) 526-6852
Email: steventhomas@tafattorneys.com

5