IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 09-cv-2786-RBJ-BNB

AGILE SKY ALLIANCE FUND LP, and
SKY BELL SELECT, LP,

    Plaintiffs,

v.

RBS CITIZENS, N.A., d/b/a Charter One Bank, and
SWISS FINANCIAL SERVICES, INC.,

    Defendants.

---

## ORDER

---

    This matter is before the Court on (1) plaintiffs' objection to Magistrate Judge Boland's September 2, 2011 and September 12, 2011 Orders [#247], and (2) defendant RBS's motion for leave to filed a renewed motion for summary judgment and tendered "renewed motion" [##275, 276]. The Court also will address the parties' exhibit and witness lists.

**Facts**

    The facts were set forth by Judge Martinez in his order denying motions to dismiss and for summary judgment [#215] and need only be briefly summarized again. RBS Citizens, N.A., d/b/a Charter One Bank and Swiss Financial Services are alleged to have been lenders, administrators or advisors of Lancelot Investors Fund L.P. and Lancelot Investors Fund II, L.P. The Lancelot Funds were hedge funds that provided financing to entities owned or controlled by Thomas J. Petters. Those entities purportedly purchased and resold consumer electronics to large discount retailers. The gist of this case is that Petters was operating a Ponzi scheme, that

Lancelot was complicit and eventually went bankrupt as a result of the scheme, and that plaintiffs invested or reinvested in Lancelot based representations, assurances, and inducements by the defendants that turned out to be false. In the Second Amended Complaint plaintiffs assert claims of (1) negligent misrepresentation; (2) negligence; and (3) violation of Colorado securities laws.

**Procedural History**

As relates to the pending motions, RBS filed a "Motion for Sanctions Against Plaintiffs for Failure to Comply with Court Order" on August 12, 2011 [#227]. RBS sought sanctions for plaintiffs' failure to comply with a November 4, 2010 order requiring the production of documents showing buy-sell information, due diligence files for all Asset Based Lending hedge funds, and quarterly statements. Following a hearing, Magistrate Judge Boland granted the motion to the extent that RBS was permitted to (1) serve no more than five additional interrogatories; (2) serve no more than five additional requests for production; (3) serve no more than five additional requests for admissions, and (4) reopen the deposition of Neal Greenberg for not more than three additional hours. The motion was denied in all other respects. [#240].

Following a final pretrial conference on August 26, 2011 Magistrate Judge Boland refused to enter the parties' proposed final pretrial orders. Judge Boland ordered the parties to submit a single, revised pretrial order on, or before, December 1, 2011 [#246]. They did so [#270], and Judge Boland entered the order as tendered. [#274].

Nevertheless, plaintiffs object to both of Magistrate Judge Boland's orders and requests that the Court vacate them.

On December 12, 2011 RBS filed a motion for leave to file a renewed motion for summary judgment [#275] and simultaneously filed its renewed motion [#276]. Plaintiffs have filed a response [#282], and RBS has filed a reply [#285].

**Standard**

This Court may modify or set aside any part of a magistrate judge's nondispositive order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Whether to permit a renewed summary judgment motion, particularly after the deadline for dispositive motions has passed, is a matter of discretion.

**Conclusions**

**A. <u>Objections to the Magistrate Judge's Orders [#247]</u>**.

The issues discussed in RBS's motion and in the hearing held by Magistrate Judge Boland were (1) whether the affidavit of Neal Greenberg, plaintiffs' professional manager, was inconsistent with prior discovery, and (2) whether plaintiffs had disclosed all documents that they were required to disclose. RBS sought to discover any evidence that it had given advice to plaintiffs prior to plaintiffs' investments. RBS contends that no such evidence was produced. However, statements made by Neal Greenberg in an affidavit pointed to documents of investments after the relevant period that had not been previously disclosed. RBS first sought to exclude the affidavit as inconsistent with prior discovery under Fed. R. Civ. P. 57. That motion was denied by Judge Martinez [#215]. Because plaintiffs did not disclose the document referenced by Mr. Greenberg during the discovery period, RBS then filed a Motion for Sanctions against plaintiffs for failure to comply with the court order. At the conclusion of a hearing on the motion, Judge Boland granted and denied it in part, as indicated above. He found that the Greenberg affidavit appeared to be inconsistent with previous discovery responses, thereby

constituting good cause to allow additional discovery notwithstanding the expiration of the close of discovery. Transcript, September 2, 2011 [#255], at 49-50.

Plaintiffs object on the bases that (1) Judge Boland granted sanctions without violation of an order in violation of Fed. R. Civ. P. 37(b)(2)(A); (2) the sanctions purport to overrule rulings made by the District Court; and (3) the order fails to acknowledge the unjustifiable delay of trial.

1. Violation of Fed. R. Civ. P. 37(b)(2)(A)

Agile maintains that because it did not violate any discovery rules, sanctions are inappropriate and impermissible. Judge Boland did not make a finding of a discovery violation in either of his Orders. Rather, he re-opened discovery for a limited purpose. That is well within the discretion of a magistrate judge. *See Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458 (10th Cir. 1988).

2. Overruling rulings made by the District Court

RBS previously sought to have Neal Greenberg's affidavit stricken as inconsistent under Fed. R. Civ. P. 56. This issue, as well as RBS's Motion for Summary Judgment, were argued before Judge Martinez on April 25, 2011. Judge Martinez denied RBS's motion to strike the affidavit [#214] and also denied the Motion for Summary Judgment [#215]. In ruling on the Motion for Summary Judgment Judge Martinez appears to have relied, at least in part, on the Greenberg affidavit in determining that plaintiffs had "come forward with some evidence that after considerable deliberation it decided to retain its investments in Lancelot…as a direct result of the alleged misrepresentations made by Defendants." Order at 20.

According to plaintiffs, if the affidavit was inconsistent with previous discovery responses then it must be stricken under Rule 56. During the hearing on April 25, 2011, Judge Martinez declined to strike Neal Greenberg's affidavit. Plaintiffs' argument now is that because

4

Judge Martinez did not strike the affidavit, it *must* be consistent with previous discovery responses. Therefore, Judge Boland's finding that the affidavit is inconsistent or "at least appears to be inconsistent" equates to an overruling of a finding of the District Court.

In denying the Motion to Strike, Judge Martinez explained:

> [t]he Court finds that defendant RBS Citizens has failed to establish certain portions of these declarations submitted in support of plaintiffs' opposition to defendants' amended motion for summary judgment violate Rule 56. The Court will take these declarations into account when it considers the amended motion for summary judgment. The Court believes the arguments of defendants' counsel with respect to some alleged deficiencies in the declaration go more to the weight the Court should attribute to the declaration and not the fact that they should be stricken and not considered under Rule 56.

April 25, 2011 Hearing Transcript, #280 at p. 73-74.

While Judge Martinez did not find that the Greenberg declaration is inconsistent, and thus should be stricken, this Court does not read his Order as finding that the affidavit is consistent. Rather, Judge Martinez found that RBS failed to establish that the declaration violated Rule 56, and any deficiencies should be considered when giving the document weight. Judge Boland has not "overruled" Judge Martinez's ruling by allowing additional discovery on this issue. Rather, Judge Boland's order allows clarification of the record and is not clearly erroneous or contrary to the law of the case as established by Judge Martinez.

    3. <u>Unjustifiable Delay</u>

Plaintiffs argue that the magistrate judge's "sanctions" order of September 2, 2011 "rewards Charter One for bringing a discovery motion long after the close of discovery and on the eve of trial, contrary to the law of this Court." Tr. [#255] at 21-22. RBS contends that Judge Boland contradicted his previous ruling when he denied a motion to extend discovery because defendants had "sat on their hands." *Id.* at 23.

5

Judge Boland explained why he found judicial intervention in this discovery matter to be appropriate:

> But I am a little bit troubled by the fact that there is a discovery – an interrogatory answer which says look at document 5800, or whatever it is, and there is an admission which says we admit it, and then there is an affidavit from Mr. Greenberg which changes some of those facts, or appears to change some of those facts. What do I do about that? And that affidavit comes very late in the game, after the close of discovery, after my order saying you've sat on your hands. I mean, perhaps the Greenberg affidavit creates good cause to reopen discovery as to some limited issue.

Tr. [#255] at 36-37.

If the order delayed this already remarkably old case, then that is unfortunate. However, the order was well within the magistrate judge's discretion. It was neither clearly erroneous nor contrary to law.

### B. Motion for Leave/Renewed Motion for Summary Judgment [##275, 276].

RBS seeks leave to file a renewed motion for summary judgment, arguing that information produced in discovery after the Court's ruling on RBS's original motion for summary judgment shows that summary judgment should be granted. Plaintiffs object.

The magistrate judge set a dispositive motion deadline of January 31, 2011. RBS did not meet that deadline. However, on February 11, 2011 RBS filed a motion for leave to file a motion for summary judgment notwithstanding the passage of the deadline and simultaneously tendered a motion for summary judgment. On February 28, 2011 RBS tendered an amended motion for summary judgment. Judge Martinez granted leave to file and accepted the amended motion.

The motion was extensively briefed, and literally several hundred pages of documents were presented by the parties for and against the motion. On April 25, 2011 Judge Martinez held oral argument on the motion. The transcript is 75 pages long. [#280]. On May 31, 2011 Judge

6

Martinez issued a 22-page written order denying the motion for summary judgment as well as RBS' earlier filed motion to dismiss and Swiss Financial Service's motion to dismiss. [#215].

After obtaining additional discovery, RBS requests an opportunity to "renew" the motion for summary judgment that was previously denied. The Court now exercises its discretion to decline to grant that leave. A deadline was set for dispositive motions. It was not met. Nevertheless, RBS was permitted to file a motion for summary judgment out of time. As indicated, after voluminous briefing, the Court granted oral argument. Thereafter, the Court issued a thoughtful order on the pending motions. I am aware that RBS now believes that information subsequently produced, that perhaps could and even should have been produced earlier, supports its motion. However, there comes a time when enough is enough. The Court has given RBS a fair and ample opportunity to be heard on summary disposition.

### C. Exhibit and Witness Lists.

Despite Magistrate Judge Boland's efforts, the parties have insisted on unrealistic exhibit lists. Plaintiffs' list is 61 pages long and lists 600 exhibits. [#274-1]. Defendants' list is 23 pages long and lists 52 exhibits. [#274-2]. I note as well that plaintiffs have listed 26 non-expert witnesses (11 by deposition) plus two expert witnesses. Defendants have listed 30 non-expert witnesses (20 by deposition) plus three experts. There is some overlap between the plaintiffs' and defendants' non-expert witnesses.

Counsel surely knows that it would be impossible to present that many exhibits and witnesses in an eight-day trial. Moreover, it would bore the jurors to death. These lists to me indicate either that counsel have not yet exercised their good judgment as to what is critical to their case, or they are essentially playing "hide the ball" at this stage.

We are set for a final trial preparation conference on March 30, 2012. By that time the Court requests and will expect that both parties will have *very* substantially pared down their respective lists of exhibits to those relatively few critical exhibits that they truly expect to offer at trial. Failing that, the Court will impose a limit of, for example, 10 exhibits per side. The Court requests and will expect that the parties will have pared their witness lists to a reasonable number and reduce, to the greatest extent possible, the testimony that will be presented by deposition. Failing that, the Court will impose limits such as granting both sides an equal and pre-determined amount of time to present their respective cases (including voir dire, opening statements, direct examinations, cross examinations, closing arguments, and any in-trial motions or arguments). Under that scenario, when a party exhausts the allotted time, it will be finished.

I do not wish to impose such restrictions. I much prefer letting lawyers try their case without undue interference from the Court. It will be up to you. I suggest that you come to the trial preparation conference in that spirit. Reasonable final lists of exhibits should be pre-marked and stipulated as to authenticity or admissibility, except in instances where there is a serious and unresolved (after conferring) dispute. Witness lists should be pared and final. Deposition testimony should be minimized and, except when stipulations cannot be agreed despite good faith efforts, agreed. If there are unresolvable disputes regarding deposition testimony, please bring transcripts clearly marked to illustrate the disputes and reasons. Before the conference counsel should have had an in-person conference concerning jury instructions, made their good faith best efforts to reach agreement, and have written copies of the instructions agreed and those to which they cannot agree.

Finally, I request that you not file additional motions unless, after conferring with opposing counsel, you deem it to be vital to your representation of your clients to do so. In that

case, please restrict the length of the motions and briefs to 10 pages unless a longer motion or brief is permitted by the Court for good cause shown. The Court does not request trial briefs.

**Order**

1. Motion #247 is DENIED.

2. Motion #275 is DENIED.

3. Motion #276 is DENIED AS MOOT.

4. The Court's comments regarding exhibits and witnesses are set forth above.

DATED this 3rd day of February, 2012.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge