IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02786-RBJ-BNB

Agile Safety Variable Fund, L.P. and Sky Bell Select LP,

    Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank, et al.,

    Defendants.

_____

DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO EXCLUDE EVIDENCE OF SEC INVESTIGATION AND PROCEEDINGS
_____

## Introduction

Plaintiffs' motion in limine asks the Court to exclude evidence of a United States Securities and Exchange Commission ("SEC") investigation and its conclusions that are relevant to refute Plaintiffs' obvious attempts to play unfairly to the jury's economic sympathies by referencing "Colorado retirees" who "lost their retirement savings." (Pl. Br. at 1.) The SEC investigation, opened following the revelation of losses from the Petters scheme, made inquiries regarding the same entities, time period, and investments at issue in this case. Indeed, the Order Instituting Proceedings ("OIP") and a substantially similar civil complaint against Neal Greenberg, the portfolio manager who was paid millions of dollars to manage the investment activities of Plaintiff Agile Safety Variable Fund, L.P. ("Agile"), specifically referenced Agile's investment in Lancelot and articulated the SEC's investigative conclusions that Greenberg misrepresented to Agile's underlying investors the fund's safety, suitability, and diversification, and engaged in a variety of other deficient business practices that harmed Agile's investors. Greenberg, against whom investors have asserted their own claims, ultimately consented to a final judgment enjoining him from future securities law violations and ordering disgorgement of millions in his ill-gotten gains. Although Plaintiffs repeatedly invoke the losses of their underlying investors to color this case, the results of the SEC investigation show that Greenberg was responsible for those losses by misleading investors and failing to do his job as a hedge fund manager, for which he was paid millions of dollars.

Plaintiffs argue that evidence of the SEC investigation and Greenberg's consented-to final judgment do not go to the merits of "whether Defendants made actionable misrepresentations." (Pl. Br. at 9.) But even in their motion, Plaintiffs attempt to expand this case far beyond their misrepresentation claims. They cannot have it both ways: if they want to

2

play to the jury's economic sympathies by introducing extraneous evidence about Colorado retirees who lost money investing in Agile, then evidence of the SEC investigation is relevant to show that it was Greenberg who was responsible for those losses.  Similarly, if Plaintiffs are going to rely on Greenberg's word and testimony to support their allegations, then evidence that he lied to his investors is probative of his credibility.

Although the Court should not permit Plaintiffs to expand this case needlessly (and should grant Defendants' previously filed motions in limine to exclude irrelevant evidence), Plaintiffs' legal arguments for excluding evidence made relevant by the extraneous evidence that Plaintiffs seek to introduce lack any merit.  First, Plaintiffs' claim that they will be unduly prejudiced is unfounded because no charges or claims were asserted against Plaintiffs as a result of the SEC investigation, and Greenberg is not a party to this case or affiliated with Plaintiffs any longer.  Second, Plaintiffs' attempt to exclude the evidence as hearsay fails because on-point authority establishes that the OIP and investigative materials fall within well-established hearsay exceptions.  Third, the evidence cannot be excluded under Fed. R. Evid. 408 because Plaintiffs did not enter into the settlement and it is not being offered to establish their liability.  Finally, Fed. R. Evid. 404 does not apply because the evidence is intrinsic to the subject matter of this case and is not offered to establish liability based on prior bad acts by Plaintiffs in other circumstances.

Plaintiffs should not be permitted to lengthen the trial and expand this case into a circus through the introduction of irrelevant and prejudicial issues intended only to play to the jury's economic sympathies.  But if they are permitted to do so, Defendants should be allowed to defend themselves fully by introducing evidence of the SEC investigation and Greenberg's

settlement, which are relevant and admissible to refute Plaintiffs' baseless and prejudicial accusations.

## Argument

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law." Jones v. Estate of Brady ex. Rel. Brady, No. 10-cv-00662-WJM-BNB, 2012 WL 255794, at *1 (D. Colo. Jan. 27, 2012) (quoting Sims v. Great Am. Life Ins., 469 F.3d 870, 880 (10th Cir. 2006)).  Fed. R. Evid. 401 provides that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and . . . the fact is of consequence in determining the action."

Both parties agree that evidence that is more prejudicial than probative and that would unreasonably lengthen the trial by raising side issues should be excluded.  Defendants filed three motions in limine to exclude irrelevant and prejudicial evidence (see Dkt. Nos. 289, 292, 295) and Plaintiffs cite numerous cases in their motion in limine to make the same points. (See, e.g., Pl. Br. at 9-10.)  The Court should shorten the trial and focus the case on the evidence relevant to Plaintiffs' misrepresentation claims by evenhandedly excluding extraneous evidence that will confuse, distract, and prejudice the jury.

The evidence underlying the various motions in limine cannot be separated; if Plaintiffs obscure the issues by introducing extraneous matters such as their underlying investors' ages or financial situations -- evidence that serves no probative purpose and is offered solely to elicit sympathy and arouse prejudice against Defendants -- then evidence of the SEC's investigation, the findings of that investigation as articulated in the OIP (and civil complaint) filed against Greenberg, and the final judgment based on those findings to which Greenberg consented (described in the litigation release) is relevant and required to refute Plaintiffs'

attempts to mislead and confuse the jury. That evidence establishes that the underlying investors' losses are attributable to Greenberg's misrepresentations and misconduct. If Plaintiffs are permitted to raise the issue, the jury must be told the truth and presented with all the evidence about the cause of those non-parties' losses.

Moreover, Plaintiffs designated Greenberg as a witness, and evidence of the SEC investigation and the final judgment to which he consented are relevant to his credibility and his stewardship of Agile and the seven other hedge funds he managed. Greenberg made millions in management fees, but the SEC concluded that he did so by lying about the Agile portfolio and investments to risk-averse investors. In reality, Greenberg invested the majority of investor money into a small number of other hedge funds that ultimately collapsed from the Bernard Madoff fraud (Rye Brook) and the Petters fraud (Lancelot and Palm Beach).

Yet Plaintiffs' misrepresentation allegations rest almost entirely on Greenberg's word that the losses are someone else's fault, based on his implausible contention that he made multi-million dollar investment decisions based on one brief telephone conversation between his subordinate and Charter One in 2007, despite the uncontradicted evidence that Agile lacked any relationship with Charter One, did not invest a single dollar of cash in Lancelot after 2004, and conducted and relied on its own extensive due diligence (which it had a fiduciary obligation to undertake) without any information from Charter One in deciding to invest in Lancelot. Obviously, Greenberg's credibility and his motives for blaming Defendants for Agile's losses will be significant issues at trial, and the SEC investigation and resulting judgment are probative with respect to those issues.

Plaintiffs' four arguments that the evidence is inadmissible are meritless. First, Plaintiffs argue that evidence of the SEC investigation and Greenberg's consent to a personal

judgment might be unduly prejudicial. But there is no undue risk that "the jury would infer wrongdoing by Agile and Sky Bell based on the investigation and settlement" (Pl. Br. at 9) because no charges or claims were asserted against Plaintiffs as a result of the investigation and Greenberg is no longer affiliated with Agile. Nor is there any legal authority supporting the illogical leap that Plaintiffs ask the Court to take to find undue prejudice under these circumstances.[1] Moreover, to the extent the evidence could somehow prejudice Plaintiffs, that can be resolved through a limiting instruction.

Second, Plaintiffs argue that the OIP and litigation release should be excluded as hearsay, but they ignore specific hearsay exceptions under which that evidence falls. In a case directly on point, the court in SEC v. Pentagon Capital Management held that SEC investigative results and OIPs are admissible under the hearsay exception in Rule 803(8). No. 08 Civ. 3324, 2010 WL 985205, at *2 (S.D.N.Y. Mar. 17, 2010).[2] In that case, the defendant hedge fund

---

[1] The cases cited by Plaintiffs are inapplicable because they are based on plaintiffs attempting to use evidence of a settlement to establish the liability of a defendant, (see, e.g., F.D.I.C. v. Refco Group, Ltd., 184 F.R.D. 623, 628 (D. Colo. 1999)), and, unlike here, the settlements arose from prior conduct unrelated to the case at issue. See Firemen's Fund Ins. Co. v. Thien, 63 F.3d 754, 758-59 (8th Cir. 1995) (excluding FAA investigation reports regarding airline pilot logbook records, which were offered to prove untrustworthiness of payroll records of airline being sued for plane crash, because the records were "unrelated to the records" at issue in the case); Kramas v. Security Gas & Oil Inc., 672 F.2d 766, 772 (9th Cir. 1982) (finding no reversible error in trial court's exclusion of evidence of prior SEC enforcement proceeding against defendants because "it related to different transactions and alleged misrepresentations of a different kind"); Kreidler v. Pixler, No. C06-0697RSL, 2010 WL 1537012 (W.D. Wash. Apr. 15, 2010) (excluding evidence related to prior SEC case against defendants because "plaintiff has not explained how the [SEC matter] is relevant to wrongdoing in this case"); Crawford v. Muscletech Research & Dev., Inc., No. CIV-01-1298-C, 2002 WL 31852835 (W.D. Okla. Oct. 10, 2002) (excluding defendants' consent decree with FTC because it resolved misleading advertising allegations that "lack[ed] relevance to the [personal injury] claims before the jury").

[2] Fed. R. Evid. 803 provides that certain types of evidence "are not excluded by the rule against hearsay," and Rule 803(8), specifically provides an exception from the hearsay rule for a "record or statement of a public office if (A) it sets out . . . (iii) in a civil case . . . factual findings from a legally authorized investigation; and (B) neither the source of information nor other (footnote continues on following page)

adviser sought to negate allegations that it orchestrated a scheme to defraud mutual funds through late trading and market timing by introducing OIPs that resolved SEC enforcement actions against the mutual funds and brokers that traded with the defendant and established that those parties were aware of, and facilitated, market timing and late trading. Id. at *1, 4. The court held that OIPs were generally admissible under Rule 803(8), and further ruled that "the fact that the parties settled the actions without admitting or denying the allegations also did not preclude admissibility under Rule 803(8)(C)." Id. at *3.

This case presents identical circumstances. The OIP, litigation release, and other evidence from the SEC investigation are records, reports, and statements setting forth the SEC's findings and conclusions. As in Pentagon Capital, Greenberg ultimately consented to a final judgment based on those allegations. Though Plaintiffs stress that Greenberg neither admitted nor denied the SEC's allegations, that "does not preclude admissibility under Rule 803(8)(C)." Id.[3]

Moreover, Rule 801(d)(2)(D) provides that a statement offered against an opposing party that was made by the party's agent or employee on a matter within the scope of that relationship and while it existed is not hearsay. Plaintiffs concede that the SEC transcripts

---

circumstances indicate a lack of trustworthiness."  The Supreme Court made clear in Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 170 (1988), that conclusions and opinions in government agency reports are also admissible under the rule.

[3]  Each of the cases Plaintiffs cite in support of their hearsay argument predates Pentagon Capital and is off point.  The court In re Blech Secs. Litig., No. 94 Civ. 7696(RWS), 2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003), did not exclude SEC judgments or investigative evidence on hearsay grounds.  Plaintiffs' other cases did not address Rule 803(8) either.  See United States v. Wheeler, No. 95-15852, 1996 WL 155139, at *3 (9th Cir. Apr. 2, 1996) (holding that admission of SEC consent decree as party admission under Rule 801(d)(2) was error); In re Worldcom, Inc. Secs. Litig., No. 02 CIV 3288, 2005 WL 375315, at *8-9 (S.D.N.Y. Feb. 17, 2005) (granting motion in limine to exclude criminal indictments because they did not fall under hearsay exceptions in Rules 803(3), 803(22) or 807, but noting parties' agreement that defendants' guilty plea allocutions were admissible).

from Greenberg (Ex. D07), and Marks (Ex. B99), who is the principal who manages Plaintiff Sky Bell Select LP (Pl. Br. at 1), fall within that rule and are therefore admissible. (Pl. Br. at 8.)[4]

Third, Plaintiffs erroneously argue that evidence of Greenberg's settlement is inadmissible under Rule 408. While "Rule 408 exists to protect a party that settles one claim from having that settlement used against it to establish liability . . . of that same party in another lawsuit for the same claim," Pentagon Capital, 2010 WL 985205, at *4, it does not require "the exclusion of evidence regarding the settlement of a claim different from the one litigated." Daviscourt v. Columbia State Bank, No. 05-cv-00687, 2008 WL 1806192, at *3 (D. Colo. Apr. 21, 2008) (quoting Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 770 (10th Cir. 1997)). In Pentagon Capital, for example, after holding that the proffered OIP was not hearsay, the court found that Rule 408 did not apply if the OIP is offered by a defendant as a shield to negate the plaintiff's allegations, rather than by a plaintiff to establish liability against the party who settled. 2010 WL 985205, at *4. Likewise, in this case, Greenberg's settlement would not be offered as a sword to establish Plaintiffs' liability. Plaintiffs were not parties to the SEC settlement, and no claims have been asserted against them in this case. Nor is any party attempting in this case to hold Greenberg -- against whom the SEC asserted claims and who consented to the final judgment -- liable for his misrepresentations to Agile's investors, his mismanagement of the funds, or his failure to discover the Petters fraud.

Plaintiffs rely on In re Blech Secs. Litig., No. 94 Civ. 7696(RWS), 2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003), in support of their argument that Rule 408 applies, but the court in Pentagon Capital considered that very case and found it inapplicable because the

---

[4] That testimony, along with the SEC testimony of any other witness who testifies at the trial, should also be admitted pursuant to Fed. R. Evid. 801(d)(1)(A).

plaintiffs in Blech sought to use the consent order and administrative proceeding as a sword to establish the defendant's liability. 2010 WL 985205, at *5. Because the SEC settlement in this case is being offered not as a sword, but rather as a shield (as in Pentagon Capital), Blech does not apply and does not support Plaintiffs' argument.[5] The same is true of In re Cenco Inc. Secs. Litig., 601 F. Supp. 336, 337 n.3 (N.D. Ill. 1984), where the excluded evidence was offered solely to establish a cross-claimant's liability, and the court expressly left open the possibility that the settlement would not fall within Rule 408 if (as here) it were offered "to prove facts other than those tending to show . . . possible liability." Id.

Finally, Plaintiffs' attempt to exclude the evidence under Rule 404(b) is also misplaced because that rule only applies to evidence of separate prior acts; in other words, evidence of "*other* crimes, wrongs or acts." United States v. Robles, 434 Fed. Appx. 736, 739 (10th Cir. Aug. 10, 2011). The rule does not apply to evidence of acts that are related, or "intrinsic" to, the subject matter of the pending case. Id. "Other act evidence is intrinsic when the evidence of the other act and the evidence of the [claims alleged] are inextricably intertwined or both acts are part of the single . . . episode or the other acts were necessary preliminaries to the [claims alleged]." Id. (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993)).[6]

---

[5] Indeed, it is well-established that a settlement offered for a purpose other than to prove the liability of a party is admissible. See, e.g., Daviscourt, 2008 WL 1806192, at *4 (admitting evidence of settlement offer to show plaintiff's intent and motive for bringing lawsuit).

[6] For example, in Robles, a marijuana distribution conspiracy case, the Tenth Circuit rejected a claim that the district court erred by admitting testimony that the defendant had distributed marijuana several years earlier (for which he was never charged with a crime) because the evidence was inextricably intertwined with the alleged marijuana distribution conspiracy and established a relationship between the defendant and the unindicted co-conspirators. 434 Fed. Appx. at 739-40. The only two cases cited by Plaintiffs are inapposite precisely because, unlike here, the proffered evidence was extrinsic to the subject matter of the (footnote continues on following page)

Rule 404 does not apply to the evidence here because the SEC investigation and Greenberg's settlement were triggered by, and are inextricably intertwined with, the facts underlying the subject matter of this case. The SEC began investigating Greenberg after Agile's Lancelot losses were disclosed. Indeed, the Agile investment in Lancelot was specifically referenced in the OIP, and the allegations against Greenberg related to, inter alia, misrepresentations he made to Agile's underlying investors regarding Agile's Lancelot investments. Should investors in some future Greenberg investment scheme sue him for misrepresentations and mismanagement, that evidence may be inadmissible under Rule 404(b), but in this case the evidence arises out of, and is intrinsic to, the subject matter of the case, and is therefore admissible.[7]

### Conclusion

Plaintiffs should not be permitted to lengthen the trial and expand this case into irrelevant issues intended only to play to the jury's economic sympathies; but if they hijack the trial and take it down that road, Plaintiffs cannot have it both ways. Evidence of the SEC

---

pending action. In Kramas v. Security Gas & Oil Inc., the court held that it was not reversible error for the trial court to refuse to admit evidence offered under Rule 404(b) of a consent decree entered in a prior SEC enforcement proceeding against the defendants that related to different transactions and alleged misrepresentations of a different kind. 672 F.2d 766, 772 (9th Cir. 1982). Likewise, the In re Adler, Coleman Clearing Corp. court excluded evidence of NASD consent decrees entered into by third-parties in connection with securities transactions that were not the subject of that action. No. 95-08203(JLG), 97/8423A, 1998 WL 160036, at *8 (Bankr. S.D.N.Y. Apr. 3, 1998).

[7]  Moreover, even if the evidence were related to separate, prior acts by Plaintiffs, it would be admissible because it would be offered for purposes other than to show a propensity to commit the same act again. Prior act evidence is admissible if it is offered for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2); see, e.g., Zimmerman v. First Fed. Sav. & Loan Ass'n of Rapid City, 848 F.2d 1047, 1056-57 (10th Cir. 1988) (finding district court did not err by admitting evidence under Rule 404(b) of defendant's prior similar acts because it supported plaintiffs' motive, intent, and plan arguments). Here, as described above, the evidence would be offered for purposes other than to prove Plaintiffs' prior acts.

investigation and Greenberg's settlement is relevant to refute Plaintiffs' prejudicial accusations and to show that it was Greenberg who failed to do his job, lied to investors, and was responsible for those non-parties' losses.  Although the Court should grant Defendants' previously filed motions in limine and put an end to the issue now, on-point authority establishes that if Plaintiffs are permitted to introduce extraneous evidence not related to whether they have actionable misrepresentation claims, the evidence available to refute such extraneous evidence is admissible.

Dated:  March 26, 2012

Respectfully submitted,

/s Robert B. Christie
Robert B. Christie
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
Telephone:  312-986-6960
E-Mail:  rchristie@henderson-lyman.com

Holly Stein Sollod
Brooke Harrison McCarthy
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
E-Mail:  hsteinsollod@hollandhart.com
E-Mail:  bhmccarthy@hollandhart.com



Counsel for Defendant Swiss Financial Services, Inc

/s Eric A. Bensky
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street N.W., Suite 850
Washington, DC  20005
Telephone: (202) 729-7470
Facsimile: (202) 730-4520
E-Mail:  howard.schiffman@srz.com
E-Mail:  eric.bensky@srz.com

David A. Zisser
Davis, Graham & Stubbs LLP
1550 Seventeenth St, Suite 500
Denver, CO 80202
Telephone:  303-892-9400
Email:  david.zisser@dgslaw.com



Counsel for Defendant RBS Citizens, N.A.

## **Certificate of Service**

I hereby certify that on this 26th day of March, 2012, I electronically filed this Memorandum of Law In Opposition to Plaintiffs' Motion in Limine to Exclude Evidence of S.E.C. Investigation and Proceedings with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to each of the following:

| Plaintiffs' Attorneys: | Attorneys for Swiss Financial Services, Inc.: |
|---|---|
| Steven W. Thomas<br>Thomas, Alexander & Forrester LLP<br>14-27th Ave<br>Venice, CA 90291<br>steven.thomas@tafattorneys.com | Robert B. Christie<br>Henderson & Lyman<br>175 West Jackson Blvd, Suite 240<br>Chicago, IL 60604<br>rchristie@henderson-lyman.com |
| Steven M. Feder<br>Feder Law Firm<br>730 17th Street, Suite 550<br>Denver, CO 80202<br>steve@federlawfirm.com | Holly Stein Sollod<br>Brooke Harrison McCarthy<br>Holland & Hart LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202<br>hsteinsollod@hollandhart.com<br>bhmccarthy@hollandhart.com |

/s Eric A. Bensky
Howard Schiffman
Eric A. Bensky
Schulte Roth & Zabel LLP
1152 15th Street N.W., Suite 850
Washington, DC  20005
Telephone:  202-729-7470
E-Mail:  howard.schiffman@srz.com
E-Mail:  eric.bensky@srz.com

Counsel for Defendant RBS Citizens, N.A.