IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02786-RBJ-BNB

Agile Safety Variable Fund, L.P. and Sky Bell
Select LP,

      Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank, et
al.,

      Defendants.

---

**PLAINTIFFS' OPPOSITION TO RBS CITIZENS, N.A.'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE REGARDING PLAINTIFFS' UNDERLYING INVESTORS**

---

Plaintiffs Agile Safety Variable Fund, L.P. ("Agile Variable") and Sky Bell Select LP ("Sky Bell") (collectively, "Plaintiffs") oppose Defendants' Motion in Limine to Exclude Evidence Regarding Plaintiffs' Underlying Investors ("Motion" or "Mot.").

## INTRODUCTION

Defendants' motion to exclude any and all "references to Plaintiffs' underlying investors" (Mot. at 2, 8) ignores who those investors are, what they mean to the conduct of the trial, and what necessary evidence they will provide. For any of these reasons it must be denied.

*First*, Plaintiffs' witnesses include "underlying investors" to whom Plaintiffs must "refer" to prove their case. John Neal is an original and current underlying investor in Plaintiff Agile Safety Variable Fund. He also is the manager who runs it. He will be more than "referenced"; he is a witness at trial and Plaintiff Agile Variable's corporate representative. He is permitted to explain who he is and his and his fellow investors' perspectives.

*Second*, Plaintiffs are entitled to explain who they are. Plaintiffs are investment funds. People invested their savings in those funds. Plaintiffs invested in Lancelot, and maintained their investments, on those individual investors' behalf and in reliance on Defendants' misrepresentations. Plaintiffs lost their entire investments and as a result, the individual investors like Mr. Neal lost their entire savings. Defendants are not permitted to sanitize the results of their negligence by forcing Plaintiffs to ignore who they are, while at the same time the jury only hears Defendants' description of Plaintiffs as "sophisticated hedge funds," leaving the jury to assume Defendants' negligence does not impact people.

*Third*, and finally, damages awarded at trial will pass through to Plaintiffs' underlying investors. If the jury does not hear who a money judgment impacts, it could mistakenly conclude that the Plaintiff corporate entities will receive all of the recovery, or possibly the individual

1

managers of the funds, because they are the named Plaintiffs.  The result would be a wildly

overbroad restriction on the presentation of evidence and argument that not only is unwarranted,

but highly prejudicial to the Plaintiffs.  *See Smith v. Arthur Andersen*, 2005 WL 5976558, at *3

(D. Ariz. Dec. 1, 2005) (denying motion in limine to exclude evidence that damages would go to

investors).

At bottom, Defendants may not put blinders on the jury and force them (and the

Plaintiffs) to ignore proof relevant to the elements of Plaintiffs' claims or realities of the impact

of their own negligence.  Accordingly, the Motion should be denied.

## I.   THE JURY IS ENTITLED TO HEAR THE WHOLE STORY OF WHO PLAINTIFFS ARE.

Defendants have long attempted to define Plaintiffs simply as "sophisticated hedge

funds."  *See e.g.* Defs.' Memorandum of Law ("Memo") at 3; Dkt. No. 51 (Brief in Support of

Motion to Dismiss) at 7, 9, 10, 28, 29, 33 (calling Plaintiffs "sophisticated" investors or funds six

times); Dkt. No. 166 (Brief in Support of Amended Summary Judgment at 3, 26 (calling

Plaintiffs "sophisticated investors"); Dkt. No. 233 (Final Pretrial Order) at 10 (same).  But the

funds are managed by and on behalf of people investing their own money.  Who these people are

and why they made their investment decisions are highly relevant to this case.

### A.   Plaintiffs Are Entitled To Tell The Jury Who They Are.

Excluding information about the Plaintiffs' underlying investors would leave the jury

with an incomplete picture of who the Plaintiffs are.  "The jury is entitled to hear the *whole story*,

not a sanitized version." *Tannenbaum v. Clark*, No. 88C-7312, 1996 WL 147970, at *1 (N.D.

Ill. Mar. 28, 1996) (denying both parties' motions in limine to preclude reference to the others'

monetary status, wealth, net worth, or sophistication) (emphasis added).  Even if the Court finds

the evidence irrelevant as to Defendants' liability, knowing who the Plaintiffs are is undoubtedly

helpful to the jury. *See Bain v. City of Albuquerque*, 2004 WL 5499531 (D.N.M. May 5, 2004), at *2 (denying motion in limine to exclude evidence of the plaintiff's literacy and mental aptitude because "it may be helpful to the jury in describing who [p]laintiff is").

**B.    The Manager and Corporate Representative at Trial for the Plaintiffs Is An Investor.**

The identity of Plaintiffs' investors is also relevant to this litigation because Plaintiffs' current manager, John Neal, was and is an investor in Plaintiff Agile Safety Variable Fund and other related funds. *See, e.g.* Declaration of Steven Thomas Exh. A (J. Neal Depo. Tr.) at 24:5-21. Plaintiffs must call Mr. Neal as a trial witness and he will serve as the Plaintiffs' corporate representative and explain the facts of the case that support Plaintiffs' claims and the losses Plaintiffs suffered. Plaintiffs cannot properly explore why and how he became Agile's manager without addressing the fact that he stepped in as an investor to manage Agile.

The evidence regarding Plaintiffs' underlying investors is neither irrelevant nor unfairly prejudicial. However, exclusion of such evidence would be prejudicial to the Plaintiffs, because they could not tell their complete story to the jury. For this reason, Defendants' Motion should be denied.

**II.    THE UNDERLYING INVESTORS CANNOT BE SEPARATED FROM PLAINTIFFS.**

Defendants seek to exclude Plaintiffs' underlying investors' ages, residencies, financial statuses and employment statuses – in other words, the fact that the investors were by and large elderly and retired. However, who Plaintiffs' investors were was part of who Agile was—Agile only existed to make investments because the underlying investors had funded Agile. When Agile representatives contacted Charter One and Swiss Financial, it was to invest these investors' money and who these investors are explains why Defendants' misrepresentations to Plaintiffs

regarding Defendants' purported extensive due diligence on Lancelot and assurances that there was no fraud was key to Plaintiffs' decisions to make and maintain their investments in Lancelot. Evidence concerning the investors' age, finances and employment status is probative of the question of Plaintiffs' reliance on Defendants' misstatements: the information Defendants provided to Plaintiffs regarding the alleged due diligence on and auditing of Lancelot was fundamental to Plaintiffs' investment decisions, because it provided third-party confirmation that the investments were safe. Evidence that the investors were retired and living on fixed income goes to show that but for the Defendants' misrepresentations, the Plaintiffs would not have retained their investments in Lancelot. *See United States v. Dukes*, 242 Fed. Appx. 37, 45 (4th Cir. 2007) (witness testimony that investment decisions would have been different if defendant had been truthful about the company deemed permissible and focused on the materiality of the misrepresentations); *United States v. Ranney*, 719 F.2d 1183, 1188 (1st Cir. 1983) (testimony explaining that investor would not have made certain purchases if he had known defendant's representations were false held admissible).

### III.  THE JURY SHOULD NOT SPECULATE ON WHO WILL BENEFIT FROM ANY RECOVERY.

As Defendants pointed out in this Motion, Plaintiffs have repeatedly and consistently stated that this action is to recover losses suffered by Colorado retirees. *See* Memo at 1. The harm suffered by the underlying investors in Plaintiffs is relevant to Plaintiffs' damages claim, because any investor loss is an element of Plaintiffs' damages. Evidence that any recovery will be distributed to underlying investors who lost their savings is relevant evidence and should be admitted. *See Smith v. Arthur Andersen*, 2005 WL 5976558 (D. Ariz. Dec. 1, 2005), at *3 (denying motion in limine to exclude evidence that damages would go to investors). The jury should hear how any money judgment will be distributed and to whom. If such evidence is

excluded, the jury might mistakenly conclude that the Plaintiff corporate entities will receive all of the recovery, or possibly the individual managers of the funds.  That would certainly be highly prejudicial to the Plaintiffs, and the jury should not be left to simply speculate on the answer to this critical issue.

## **CONCLUSION**

For the reasons set forth above, the Plaintiffs respectfully request that the Court enter an Order denying Defendants' Motion in Limine to Exclude Evidence Regarding Plaintiffs' Underlying Investors.

Dated:  March 26, 2012                     Respectfully submitted,


_____ /s/ _____

Steven W. Thomas
Emily Alexander
THOMAS ALEXANDER & FORRESTER LLP
14 27th Avenue
Venice, California 90291
Telephone:    (310) 961-2536
Facsimile:    (310) 526-6852

Steven M. Feder
FEDER LAW FIRM
730 17th Street, Suite 550
Denver, Colorado  80202
Telephone:  (303) 261-8798
Facsimile:   (303) 221-7357

*Attorneys for Agile Safety Variable Fund, L.P. and Sky Bell Select LP*

5