**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:09-cv-02786- RBJ-BNB

Agile Safety Variable Fund, L.P. and Sky Bell
Select LP,

    Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank, et
al.,

    Defendants.

---

**PLAINTIFFS' PRETRIAL MEMORANDUM ON SECURITIES ACT
JURY INSTRUCTION**

---

Plaintiffs Agile Safety Variable Fund, L.P. and Sky Bell Select LP (collectively, "Plaintiffs" or "Agile") here file this pretrial memorandum concerning the jury instruction for the Colorado Securities Act.

The Colorado Supreme Court set forth the elements of a Colorado Securities Act claim under C.R.S. Sections 11-51-501 and 11-51-604(3), the same direct claim under the Act that Plaintiffs assert in this case:

> (1) that the plaintiff is a purchaser or seller of a security; (2) that the security is a "security"; (3) that the defendant acted with the requisite scienter; (4) that the defendant's conduct was in connection with the purchase or sale of a security; (5) that the defendant's conduct was in violation of section 11-51-123 [the predecessor of 11-51-501]; and (6) that plaintiff relied upon defendant's conduct to his or her detriment, or that defendant's conduct caused plaintiff's injury.

*Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095, 1102 (Colo. 1995). The jury should be instructed on these elements for this state law claim. Attached as Exhibit A is Plaintiffs' proposed jury instruction in accordance with the Colorado Supreme Court for its 604(3) claim.

Defendants urge the Court to add extra elements not required by the Colorado Supreme Court. Because the Colorado Supreme Court has spoken on this issue, a federal court sitting in diversity should apply the ruling of the state's highest court. *C.I.R. v. Bosch's Estate*, 387 U.S. 456, 465 (1967) ("[S]tate law as announced by the highest court of the State is to be followed."); *Citizens for Responsible Government State Political Action Committee v. Davidson*, 236 F.3d 1174 (10th Cir. 2000) ("This court is bound by the Colorado Supreme Court's interpretation of § 103(8)."); *Johnson v. Fankell*, 520 U.S. 911, 916 (1997) ("Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State.").

Moreover, the Defendants ask the Court to reject the published holdings in the case at bar, *see Agile Safety Variable Fund, L.P. v. RBS Citizens, N.A. et al.*, 793 F. Supp. 2d 1248 (D. Colo. 2011), as well as a prior, on-point decision issued in this District. *See In re Qwest Communications Intern., Inc. Securities Litigation*, 387 F. Supp. 2d 1130, 1153 (D. Colo. 2005).

The Court should decline Defendants' request to add extra elements to the Colorado Securities Act claim and instruct the jury on the law as decided by the Colorado Supreme Court and this Court.

### I. Defendants Selling Securities to Plaintiffs Is Not an Element of the Claim

The Colorado Supreme Court and two District of Colorado decisions—including one issued *in this case*—hold that there is no requirement that Defendants sell the securities to the

Plaintiffs under the Colorado Securities Act. *See Rosenthal*, 908 P.2d at 1102; *Agile*, 793 F. Supp. 2d at 1260; *Qwest*, 387 F. Supp. 2d at 1153.  In other words, there is no privity requirement.

Nonetheless, Defendants ask this Court to reject all of this authority and add an extra element that Defendants sold the securities purchased by Plaintiffs.[1]  *See* Docket #307 (Declaration of Eric A. Bensky Submitting Defendants' Annotated Version of Proposed Jury Instructions by Defendant RBS Citizens, N.A.), Proposed Jury Instruction 41 ("*The defendant bought the security from or sold the security to the plaintiff.*").

This exact issue was rejected by this District in *Qwest* where the defendant made the same arguments Defendants make here:  "The defendants argue that the language of § 604(3) indicates that a claim for violation of that section, based on an underlying violation of § 501(1), can be brought only when there is privity between the plaintiff and the defendant; only when the plaintiff alleges that the plaintiff purchased or sold a security from or to the defendant." *Qwest*, 387 F. Supp. 2d at 1152.  Judge Blackburn in *Qwest* specifically rejected this argument and found that "the holding of the Colorado Supreme Court in *Rosenthal v. Dean Witter Reynolds, Inc.,* precludes such a reading [of the Act]."  *Id.*

This Court already ruled the exact same way as the Colorado Supreme Court and the *Qwest* court, on the exact issue Defendants raise again.  In his full and considered opinion, Judge Martinez held that the Colorado Securities Act *"does not require that 'plaintiff alleges that the plaintiff purchased or sold a security from or to the defendant.'"* *Agile*, 793 F. Supp. 2d at 1260

---

[1]  Plaintiffs provided the attached jury instruction to Defendants.  Defendants have provided initial comments, consistent with their prior comments, which add the discussed extra element to the Colorado Supreme Court's elements.  Plaintiffs will continue to meet and confer with Defendants to try to resolve as many issues as possible.

3

(quoting *Qwest*, 387 F. Supp. 2d at 1152) (emphasis added). Judge Martinez further relied on the Colorado Supreme Court: "the "*Rosenthal* elements for stating a Colorado Securities Act claim 'do not include a privity requirement.'" *Id.*

Defendants now ask this Court to hold that Judge Martinez—and the Colorado Supreme Court *and* Judge Blackburn in *Qwest*—got it wrong. He did not, and the Court should not adopt a new element for a Colorado Securities Act claim.

## II. There Is No Requirement that Plaintiffs Purchased Securities Within Colorado

Defendants urge another extra element not found under the Supreme Court's *Rosenthal* decision: "That plaintiff purchased securities *within Colorado*." Docket 307, Bensky Decl., (Proposed Instruction 41) (Defendants' addition italicized).

There is no such element in *Rosenthal*. *See* 908 P.2d at 1102. Instead, as the Colorado Supreme Court explains, the Act "expressly applies to 'every attempt or offer to dispose of, or *solicitation of an offer to buy'* a security for value" in Colorado. *Id.* (quoting § 11-51-102(10)(b) (predecessor to same language now in § 11-15-201(13)(a)) (emphasis added). The *Rosenthal* court further noted that where a "sufficient transactional nexus exists" under this language Colorado law applies. *Id.* This Court already correctly held that Colorado law applies in this case. S*ee Agile*, 793 F. Supp. 2d at 1254. Even further, "whether the contracts are executed in Colorado or New York is irrelevant since the Colorado Securities Act expressly covers the solicitation of an offer to buy in this state, and actual execution of a contract within the state is not essential to the exercise of jurisdiction over appellant." *Raymond Lee Organization, Inc. v. Securities Commission*, 36 Colo.App. 417, 425 543 P.2d 75, 80 (1975), *rev'd on other grounds,* 192 Colo. 112, 556 P.2d 1209 (1976).

## CONCLUSION

For the reasons stated herein, the Court should adopt Plaintiffs' proposed instruction attached hereto as Exhibit A and instruct the jury in accordance with the Colorado Supreme Court.

Respectfully submitted this 17th day of April, 2012.

/s/ Steven W. Thomas
_____

Steven W. Thomas
Emily Alexander
Mark Forrester
THOMAS ALEXANDER & FORRESTER LLP
14 27th Avenue
Venice, California 90291
Telephone:   (310) 961-2536
Facsimile:    (310) 526-6852

Steven M. Feder
FEDER LAW FIRM
730 17th Street, Suite 550
Denver, Colorado 80202
Telephone:   (303) 261-8798
Facsimile:    (303) 221-7357

*Attorneys for Agile Safety Variable Fund, L.P.
and Sky Bell Select L.P.*

# EXHIBIT A

**Plaintiffs Colorado Securities Act, C.R.S. §§ 11-51-501 and 11-51-604(3) Claim**

In order for a plaintiff to recover from a defendant on a claim under Section 604(3) of the Colorado Securities Act, you must find that the following has been proved by a preponderance of the evidence:

1. That plaintiff purchased a security;

2. That defendant's conduct was in connection with the purchase or sale of a security;

3. That defendant, directly or indirectly, either:

    a. employed any device, scheme or artifice to defraud; or

    b. made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c. engaged in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

4. That defendant acted recklessly, knowingly, or with an intent to defraud; and

5. That plaintiff relied upon defendant's conduct to its detriment or that defendant's conduct caused plaintiff's injury.

You are instructed that the Lancelot partnership interests constitute a "security" under number (1) above.

C.R.S. §§ 11-51-501(1)(a)-(c), 11-51-604(3); *Rosenthal v. Dean Witter Reynolds, Inc.,* 908 P.2d 1095, 1102 (Colo.1995); *Agile Safety Variable Fund, L.P. v. RBS Citizens, N.A.*, 793 F. Supp.2d 1248, 1259-60 (D. Colo. 2011); *Copic Insurance Co. v. Wells Fargo Bank, N.A.*, 767 F. Supp.2d 1191, 1214-15 (D. Colo. 2011); *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501 (Colo. App. 2009).