IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02786- RBJ-BNB

Agile Safety Variable Fund, L.P. and Sky Bell
Select LP,

    Plaintiffs,

v.

RBS Citizens, N.A. d/b/a Charter One Bank, et
al.,

    Defendants.

PLAINTIFFS' PRETRIAL MEMORANDUM REGARDING DOCUMENTS POST-DATING THE MISREPRESENTATION AND DISCOVERY OF THE PETTERS FRAUD

Plaintiffs Agile Safety Variable Fund, L.P. and Sky Bell Select LP (collectively, "Plaintiffs" or "Agile") here file this pretrial memorandum concerning the objections to exhibits on relevance grounds because they post date August 1, 2007 and on relevance grounds because they post date the revelation of the Petters' fraud (collectively, the "Objections") raised by Defendant RBS Citizens, N.A. ("Charter One" or "Defendant").

## ARGUMENT

Charter One seeks a blanket exclusion of all exhibits and testimony concerning its conduct and knowledge which post date August 1, 2007 and all documents which "post date the revelation of the Petters fraud." As Plaintiffs told the Court at the March 30, 2012 Pretrial Conference, Charter One is really seeking to exclude "[s]ome of [its] really bad documents [which] come after that date . . . [b]ecause they describe what Charter One was doing at the time." March 30, 2012 Hearing Trans. at 71.

Plaintiffs' statement has been confirmed. Of the post-August 1, 2007 documents, Charter One has informed Plaintiffs that they want to exclude the following documents: Trial Exhibit 487 in which Charter One admits that there were "textbook warning signs" regarding Lancelot that were ignored by Charter One, and Trial Exhibit B53 in which Charter One admits that it could see the key to the fake transactions in its own bank accounts—that money was not being wired in from retailers for the alleged transactions, but from Petters.

The Court should reject this transparent attempt to keep out relevant evidence. As this Court already stated: "If it relates back, it comes in." March 30, 2012 Hearing Trans. at 53.

Still further, Plaintiffs' Banking Expert relies on a number of such documents for his opinion. This Court already rejected Defendant's Motion to Exclude Mr. McIntosh's testimony, and exclusion of this evidence will clearly undermine Plaintiffs' expert's opinion.

1

The Court is correct under the law and granting Charter One's objection would be improper and unfairly prejudice Plaintiffs.

## I.   There is No Basis Either in Colorado or the Federal Rules of Evidence for a Blanket Exclusion of All Evidence After a Certain Date

Courts frequently admit evidence of subsequent acts and communication where that evidence is relevant.  *See, e.g., Rocky Mountain Helicopters, Inc. v. Bell Helicopters Textron, Inc.* 805 F.2d 907, 918 (10th Cir. 1986) (court properly admitted evidence of testing that defendant undertook after accident occurred); *U.S. v. Whaley,* 786 F.2d 1229, 1232-1233 (4th Cir. 1986) (holding that subsequent bad acts are not excluded under 404b because "[s]ubsequent conduct may be highly probative of prior intent. ") (citation omitted); *U.S. v. Hatfield,* 685 F.Supp.2d 320, 327 (E.D.N.Y. 2010) (evidence that defendant transferred his assets overseas after alleged securities fraud admissible and probative of defendant's consciousness of guilt).

### A.   A Blanket Exclusion Would Prevent Relevant and Probative Evidence From Being Admitted

Relevant probative evidence created after the events giving rise to the lawsuit should be admitted.  *See Dow Chemical Corp. v. Weevil-Cide Co., Inc.*, 897 F.2d 481, 487-488 (10the Cir. 1990) (It was proper to admit several reports and memoranda that were created after the events giving rise to the lawsuit because their probative value exceeded risk of prejudice.)  Here, the evidence which Charter One seeks to exclude reflects the knowledge Charter One had at the time it made representations to Plaintiffs, and that evidence is relevant to prove the falsity of those representations.

Charter One asks the court to exclude relevant, probative evidence.  For example, Defendant objects to Trial Exhibit 487, a message from Robert Matthews to James Connolly, because it is dated October 1, 2008.  In that message, Robert Matthews of Charter One told

James Connolly of Charter One that there were a number of "textbook warning signs" about the Lancelot.  An admission by Defendant that there were "textbook warning signs" that they did not see at the time they made representations that Lancelot was completely legitimate is clearly relevant and probative into the issue of recklessness in this case.

Another example of a document that Defendant would have the court exclude is Trial Exhibit B53, in which Teresa McCoyd of Charter One says that the wires of money that went through Charter One's accounts were coming directly from Petters, and not from Costco.  This document, like Trial Exhibit 487, is relevant and probative, as it shows that the information needed to prove the falsity of Charter One's representations to Plaintiffs was readily available to the Defendant at the time it made representations that it "audited everything."

Moreover, as discussed below, Plaintiffs' expert relied on these documents and Defendant already has failed in excluding his testimony.

A blanket objection to all documents after the misrepresentation or the discovery of the fraud would eliminate these and many other relevant, probative documents.  Such evidence, even if created after the fraud was discovered, is admissible. *See Brett v. Hillerich & Bradsby Co.*, 2001 WL 36162669 at *2 (W.D. Okla. 2009) ("Plaintiff may introduce evidence in the form of memoranda and reports, etc., prepared by Defendant subsequent to the incident at issue if that evidence is directly related to the incident and not a remedial measure.")

### B. The Documents Defendant Wants to Exclude Are Evidence of Assessments of What Happened, Not Subject to Federal Rules of Evidence 407

To the extent Defendant seeks to exclude documents under Federal Rules of Evidence ("FRE") 407's prohibition of remedial measures, Defendant misinterprets that rule.  FRE 407 applies to "measures", i.e., steps actually taken to fix a problem, not assessments of what steps Defendant could have taken, should not have taken at the time or should take going forward.  *See*

3

*Rocky Mountain Helicopters*, 805 F.2d 907, 918 (10th Cir. 1986) ("[T]he remedial measure was not the [study] . . . but rather the subsequent redesign . . . It would strain the spirit of the remedial measure prohibition in Rule 407 to extend its shield to evidence contained in post-event tests or reports."). Here, Plaintiff has offered no evidence of any remedial measures taken by Defendant.

### C. The Blanket Exclusion the Defendant Seeks Is an Attempt to Backdoor the Court's Prior Decision to Allow the Testimony of Plaintiff's Expert Richard McIntosh

The Court already denied Defendant's Motion to exclude the testimony of Plaintiff's expert witness, Richard McIntosh. March 30, 2012 Rulings on Motions in Limine. Mr. McIntosh's report properly relied on a wide range of relevant documents, including documents which post date both the misrepresentation and the discovery of the fraud. This Court decided, based on Mr. McIntosh's qualifications as well as the evidence upon which he relied, that his testimony should not be excluded. In the face of this order of the Court, Defendant raises the present Objections in a second effort to preclude Plaintiffs from introducing Mr. McIntosh's testimony and expert opinion. This is improper and should be denied.

## II. Defendant Seeks an Unjust Outcome

As Plaintiffs already told this Court, Defendant is raising these Objections because "[s]ome of their really bad documents come after that date . . . . [b]ecause they describe what Charter One was doing at the time." March 30, 2012 Hearing Trans. at 71.

To maintain the fiction of its argument, Defendant still maintains the Objections to every document that contains bad facts for the Defendant, whether it relates back to the events at issue or not. This shows obvious disregard for the rules of evidence and the statement of this Court that "If it relates back, it comes in." *Id.* at 53.

## CONCLUSION

Defendant's oral motion to exclude all evidence after August 1, 2007 or discovery of the fraud should be denied.

Dated:  April 18, 2012                    Respectfully submitted,

 */s/ Steven W. Thomas*

Steven W. Thomas
Emily Alexander
Mark Forrester
THOMAS ALEXANDER & FORRESTER LLP
14 27th Avenue
Venice, California 90291
Telephone:     (310) 961-2536
Facsimile:     (310) 526-6852

Steven M. Feder
FEDER LAW FIRM
730 17th Street, Suite 550
Denver, Colorado  80202
Telephone:   (303) 261-8798
Facsimile:    (303) 221-7357

*Attorneys for Agile Safety Variable Fund, L.P. and Sky Bell Select L.P.*